WINANS VS. THE ALLEMANIA FIRE INSURANCE COMPANY.

INSURANCE: PLEADING. (1) *Complaint construed.* (2) *Agent may waive by
parol condition in policy.* (3) *Parol agreement of agent and special
written agreement in policy, construed together.*

1. In an action on a fire insurance policy, the complaint avers that when
   the policy was issued, the insured building was lighted by gasoline,
   and plaintiff was removing the gas burners, and replacing them with
   kerosene lamps, to the knowledge of defendant's agent who issued
   the policy; that the agent agreed for defendant, "at the time of the
   delivery of said policy and thereafter before the fire as hereinafter
   stated, that said premises might be lighted with gasoline gas until such
   change could be conveniently effected," and permitted plaintiff to
   continue the use of gasoline till the fire; and that plaintiff used due
   diligence in removing the gas burners and dispensing with the use
   of gas in lighting the building. *Held,* that the words "as hereinafter
   stated" must be held to refer to the *fire,* and not to the *agreement;* and
   such agreement is sufficiently averred.
2. It is the settled law of this court, that the agent of an insurance com-
   pany, authorized to take risks and issue policies against fire, may
   waive by parol a condition in a policy issued by him. *Miner v. Phœ-
   nix Ins. Co.,* 27 Wis., 693, and subsequent cases in this court.
3. This case is not taken out of the foregoing rule by a special agreement
   written in the body of the policy, by which the plaintiff was per-
   mitted to light the premises with gasoline when the generator should
   be removed thirty feet from the building; such written agreement be-
   ing for the *permanent* use of the gas, while the parol agreement al-
   leged was for a *temporary* use pending the change from gas to kero-
   sene.

APPEAL from the Circuit Court for *Chippewa* County.

Action upon a policy of insurance against fire. The policy, a copy of which was annexed to the complaint, contained the following provision: "The generating, or evaporating, or using within any building where this policy may apply, or contiguous thereto, of gasoline, benzine, naphtha, or of any substance for burning gas or vapor for lighting, other than the ordinary street gas or kerosene, is prohibited, unless permitted in writing hereon." The following clause was inserted in the policy: "Permission is granted to light the premises with gasoline gas, when generator is removed thirty feet from building."

The complaint alleged that at the time the policy was made and delivered to plaintiff, the building was lighted with gasoline; that the generator referred to in the policy was located within thirty feet from the building, which facts were then well known to the agent, one Van Wormer; "that plaintiff was then engaged in removing the gas burners and fixtures for lighting from the said building, and replacing them with lamps for the purpose of lighting said building with kerosene, as was well known to the said agent;" and it was agreed by the agent, on behalf of the company, "at the time of the delivery of said policy, and thereafter, before the fire, as hereinafter stated, that the said premises might be lighted with gasoline gas until such change could conveniently be effected;" that the company, by its said agent, "suffered and permitted plaintiff to continue the use of such gasoline gas from the time of the delivery of said policy to the date of the fire, as hereinafter set forth," and the said generator was not changed before said fire; and that the defendant thereby waived the condition of the policy relating to the use of gasoline gas, and is estopped from setting it up as a defense to this action. It is also alleged that plaintiff used due diligence in removing the gas burners; that at the time of the fire they were all removed but two; and that the fire was in no manner caused by the use of said gasoline gas.

Defendant demurred to the complaint as not stating a cause

of action, and appealed from an order overruling his demurrer.

*Mariner, Smith & Ordway*, for appellant, contended that the written permission inserted in the policy, authorizing the insured to light the premises with gasoline gas, with the generator removed thirty feet from the building, was the only condition which in any way limited or modified the condition rendering the policy void in case of the use of gasoline. The agreement is made in writing, to limit the condition on the performance of certain acts. This express provision, in writing, excludes the consideration of any other condition, not in writing, claimed to be coeval, and part of the same contract of insurance. *Merriam v. Field*, 24 Wis., 642; Broom's Legal Maxims, 586, 785. As applied to insurance policies this principle is of universal application; and when the parol evidence shows a parol agreement, one which the assured might or might not perform, as suited his convenience, the courts all say that if the party intended to avail himself of it, he should have made it a part of the written contract. *Flinn v. Tobin*, 1 Mood. & Malk., 367; *Higginson v. Dall*, 13 Mass., 96; *Whitney v. Haven*, id., 172; *Barrett v. Union Ins. Co.*; 7 Cush., 180; *Lee v. Howard Ins. Co.*, 3 Gray, 589; *Kimball v. Ins. Co.*, 9 Allen, 543; *N. Y. Gas. Light Co. v. Ins. Co.*, 2 Hall, 108; *Alston v. Ins. Co.*, 4 Hill, 329; *Murdock v. Ins. Co.*, 2 Coms., 210; *Illinois M. F. Ins. Co. v. O'Neile*, 13 Ill., 89.

*Bingham & Jenkins, contra*, argued that a general agent of an insurance company has power to bind his company, by dispensing with the conditions of the policy, or waiving forfeitures for the breach of them, such powers being necessarily incident to his general authority; and notice to him is notice to the company, which is estopped from denying his acts. *Beal v. Ins. Co.*, 16 Wis., 241; *May v. Ins. Co.*, 25 id., 291; *Dodge County Ins. Co. v. Rogers*, 12 id., 337; *Franklin v. Ins. Co.*, 42 Mo., 456; *Ins. Co. v. Wilkinson*, 13 Wall., 222; *Ames v. Ins. Co.*, 14 N. Y., 253. All the elements of an estoppel *in pais*

exist in this case.   And the agreement of defendant, through its agent, to suffer the use of gasoline gas, notwithstanding the prohibition in the policy, is not the changing of a written contract by parol, but merely suspends the operation of the prohibition.

RYAN, C. J.   The appellant relies, in support of the demurrer, on breach by the respondent, claimed to be apparent in the complaint, of a condition of the policy, prohibiting the use of gasoline upon the premises insured, unless permitted by writing on the policy.

The complaint avers that when the policy was issued, the building was lighted by gasoline, and that the respondent was removing the gas burners and replacing them with kerosene lamps, to the knowledge of the appellant's agent who issued the policy; and that the agent agreed for the appellant "at the time of the delivery of the said policy and thereafter before the fire as hereinafter stated, that the said premises might be lighted with gasoline gas until such change could be conveniently effected," and permitted the respondent to continue the use of gasoline till the fire; and that the respondent used due diligence in removing the gas burners and dispensing with the use of gas in lighting the building.

It is said that here is no agreement of the agent pleaded, but only an unfulfilled promise of the complaint to plead such an agreement; the words "as hereinafter stated" referring to the agreement and not to the fire.   Such verbal criticism is too nice for the construction of a pleading.   The passage quoted fully states the agreement; and it is plainly the fire, and not the agreement, which is to be thereafter stated.

This case is governed by *Miner v. Phœnix Ins. Co.*, 27 Wis., 693.   That case has been repeatedly approved by this court. *McBride v. Republic Ins. Co.*, 30 Wis., 562; *Devine v. Home Ins. Co.*, 32 id., 471; *Parker v. Amazon Ins. Co.*, 34 id., 363; *Webster v. Phœnix Ins. Co.*, 36 id., 67; *Wright v. Hartford Ins.*

*Co.*, id., 522. The judgment of the case itself was well considered, and is supported by great weight of authority. And we must hold it to be the settled law of this court, that the agent of an insurance company, authorized to take risks and issue policies against fire, may waive by parol a condition in a policy issued by him.

It was contended, however, that this case is taken out of the rule by a special agreement on the subject written in the body of the policy; which gave permission to the respondent to light the premises with gasoline when the generator should be removed thirty feet from the building. It was argued that the written license excludes a parol license on the same subject. But we are unable to perceive how the permanent license to use gas, upon the removal of the generator, is in any way in conflict with or exclusive of the temporary license to use it pending the change from gas to kerosene. And it is not difficult to understand why it should have been considered necessary to insert in the policy a license which was intended as a permanent qualification of the condition, and to rely on parol for a license which was essentially a temporary convenience. Such is undoubtedly a loose and dangerous mode of doing business. But fire insurance is a transaction between experts and inexperts (*McBride v. Republic Ins. Co.*, *supra*), and the rule adopted seems to be essential to the ends of justice.

*By the Court.* — The order overruling the demurrer is affirmed.