Dousman vs. The Wisconsin & Lake Superior Mining & Smelting Company.

DOUSMAN VS. THE WISCONSIN AND LAKE SUPERIOR MINING & SMELTING COMPANY.

CORPORATIONS: EQUITY: PARTIES. *(1) Suit by stockholder to compel issue of stock to him. (2) May sue alone, in his own name.*
JUDGMENT: *(3) Not following prayer.*

1. Where the board of directors of a corporation, in issuing new stock to the shareholders generally, refuse to issue to a particular stockholder his due proportion thereof, he may compel its issue to him by suit in equity against the corporation (at least as long as there is sufficient stock remaining undisposed of); though he might probably have maintained an *action at law* against it for damages.
2. If there are other shareholders in like condition with the plaintiff in such a case, their right and his are several, and he has no right to represent them.
3. Where the complaint in such a case alleged that the new issue of stock had been actually made, and prayed for a corresponding issue to the plaintiff, and the proof was that only a very small amount had been issued, the judgment, instead of following the prayer, restrains the corporation from issuing any more of the new stock unless it shall issue a proportionate amount to the plaintiff. There being no bill of exceptions, and it not appearing that any injustice is done defendant by the form of the judgment, it is affirmed.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint alleges, in substance, that the plaintiff is owner of seven fully paid shares of defendant's capital stock, each representing five hundred dollars; that said stock numbered one hundred and thirty-one shares of like amount, on none of

which, except plaintiff's and one other share, had there been paid in exceeding fifty per cent.; that, at a meeting of the board of directors, it was resolved that thereafter defendant's capital stock should consist of one thousand shares of one hundred dollars each, and that of these, after depositing two hundred and fifty shares for delivery upon a contract with another corporation, five shares should be issued for each share of old stock to the respective owners of the latter, and the remaining ninety-five shares kept in reserve, to be thereafter disposed of as the board might direct; that the said board had accordingly issued almost all of said new stock, delivering to each holder of a share of old stock, five shares fully paid of the new; and that plaintiff had frequently requested the defendants to issue to him his equitable proportion of the new stock, to wit, ten shares of new for each one of the old held by him, but the latter had refused to do so or to allow him any greater interest for his fully paid stock than was allowed to other stockholders for theirs on which fifty per cent. only had been paid. Prayer, that defendant be required either to issue to plaintiff new stock in the proportion stated, or to cancel one-half the stock and certificates of the same theretofore delivered to other stockholders.

The answer alleged that plaintiff was the owner of lands supposed to contain valuable minerals; that defendant was organized for mining purposes; that the former, desiring to participate in the profits of the latter, exchanged his lands for its capital stock; that it was the intention of the stockholders, and so understood by plaintiff at the time of the exchange, to make no assessments on its stock after certain lands which it designed purchasing were fully paid for, and then, to put all the stock, including plaintiff's, upon the same footing; and that accordingly, plaintiff's stock was issued subject to no assessments, but that it was not fully paid stock, only thirty-five per cent., as with the other stock at that time, having been paid in thereon. It was also alleged, and so shown in

the proofs, that only a small portion of the new stock had been issued in exchange for the old.

The finding of facts, except in the particular last mentioned, sustained the allegations of the complaint; and judgment was thereupon entered in favor of the plaintiff, restraining defendant from crediting or in any way treating any of the stock as fully paid except the eight shares specified in the complaint, and further directing that it forever "refrain from issuing to the holders of any of the stock of said corporation (except said eight shares), in exchange for the stock now held by them respectively, fully paid stock, or stock purporting to be fully paid, or certificates thereof, of equal amount, or any amount exceeding one-half the face of the stock so exchanged, unless it issue to said plaintiff an increased amount of fully paid stock in the same proportion upon the par value of the stock now held by him."

From this judgment the defendant appealed.

Briefs were filed by *Finches, Lynde & Miller* for the appellant, and *Jenkins, Elliott & Winkler* for the respondent; and there was oral argument by *H. M. Finch* for the appellant, and *F. C. Winkler* for the respondent.

For the appellant it was argued,  1. That plaintiff could not file such a complaint as the present without first calling upon the corporation to institute the suit.  *Foss v. Harbottle,* 2 Hare, 493; *Gray v. Lewis,* L. R., 8 Ch. Appeals, 1051; *Memphis City v. Dean,* 8 Wall., 73; *Morgan v. R. R. Co.,* 1 Woods, 16; *Dodge v. Woolsey,* 18 How., 331; *Samuel v. Holliday,* 1 Woolw., 400.  2. That his remedy was an action against the corporation and its directors to recover his damages, if any, by reason of the issue of stock.  *Austin v. Daniels,* 4 Denio, 299; *Robinson v. Smith,* 3 Paige, 231. 3. That, as part of the stock had been issued, the holders were necessary parties, without whom all of the equities could not be adjusted.  4. That the corporation should sue, because its property was effected, and to hold otherwise would lead to

a multiplicity of suits. *Stetson v. Faxon*, 19 Pick., 155.
5. That the judgment was erroneous because not following
the complaint, and because under it plaintiff was entitled, as
fast as any new stock was issued, to have a proportionate
quantity of new, fully paid stock issued to himself, a provis-
ion which would operate most inequitably upon the rights of
those stockholders who received none of the new stock.

For the respondent it was contended, that the action of the
defendant company in the premises was a wrong upon plaint-
iff for which equity should and did provide a remedy; that
this remedy was by an action against the corporation, the
cases cited *contra* by defendant's counsel being inapplicable;
and that the form of judgment was correct, though not fol-
lowing the complaint, it appearing on the trial (but not being
known to the plaintiff when commencing his action), that
only a small portion of the stock had been issued, and an in-
junction becoming, therefore, the proper remedy.

Ryan, C. J. I. The injury which the respondent, as a
shareholder of the appellant, sets up in his complaint, is one
peculiar and personal to himself, not common to other share-
holders, alleged to have been committed by the board of di-
rectors, as the governing body of the corporation; that is, by
the corporation itself. Clearly his remedy is against the cor-
poration. Probably he might have maintained an action at
law against it. *Gray v. Portland Bank*, 3 Mass., 364. But
the effect of such an action would be to convert part of his
interest as a shareholder into a judgment for damages; in
other words, to sell a portion of his stock to the corporation.
That he is not obliged to do. He has a right to maintain his
proportionate interest in the corporation, certainly as long as
there is sufficient stock remaining undisposed of by the corpo-
ration. Trading corporations of the character of the appellant
have been likened to partnerships, and the remedies of stock-
holders to those of partners, by very high authority. *Gray v.*

Dousman vs. The Wisconsin & Lake Superior Mining & Smelting Company.

*Portland Bank, supra; Robinson v. Smith,* 3 Paige, 222; *Adley v. Whitstable Co.,* 17 Vesey, 315. And equity has always afforded a remedy to a stockholder, in such a case as this, by injunction, account, or other appropriate decree. *Adley v. Whitstable Co., supra.* This principle has been repeatedly recognized in this court, as in *Putnam v. Sweet,* 2 Pin., 302; *Nazro v. Ins. Co.,* 14 Wis., 295.

Such a case is clearly distinguishable from suits by stockholders, in the right of the corporation, founded on wrongs against the corporation. In that class of cases, as the authorities cited by the appellant show, the right of suit is primarily in the corporation itself; and stockholders take the right, in lieu of the corporation, only upon refusal of the governing body of the corporation to sue.

Here the wrong complained of is by the corporation, not against it. The right is against it, not against individual directors. The judgment, to be effectual, must be against the corporation itself; not against the directors personally, who may be changed from time to time. And even where a suit would lie by a corporation against its governing body, for wrongs done against it by the governing body, it is sufficiently manifest that a demand upon the governing body to bring the suit would be nugatory.

II. If there are other shareholders in like condition as the respondent, their right and his are several; they may bring their separate suits, or they may submit to the wrong, at their several pleasure. The respondent has no right to represent them. The case is entirely distinguishable from a wrong done by the governing body, common to all the stockholders.

III. The complaint assumed that the new issue of full paid stock for half paid stock had been actually made; and therefore prayed for the corresponding issue to the respondent. It appears by the finding of the court below, that this had been done only to "a small amount." And the judgment, instead of following the prayer of the complaint, restrains the appellant

from issuing any more full paid for half paid stock, unless it issue a proportionate amount to the appellant. This is, in effect, an alternative judgment, of somewhat awkward form. There is no bill of exceptions; but we attribute the peculiar nature of the judgment to the embarrassment of the case by *the small amount* of full paid actually issued for half paid stock. Certainly, in the absence of objections to evidence on the trial, of which we know nothing, the respondent would not be limited to the very form of relief which he prayed, under a misapprehension of the facts. Sec. 29, ch. 132, R. S. And we cannot see that the peculiar form of the judgment does any injustice to the appellant. It leaves it in the discretion of the corporate body to recede from, or to carry out, the proposed new issue of stock. It is more favorable to it than a single and positive judgment, either way.

The criticism made by the learned counsel of the appellant, upon the language of the judgment for the contingent issue of new stock to the respondent, was singularly acute and ingenious. But such hypercriticism cannot avail against a pleading or a judgment. *Winans v. Ins. Co.*, 38 Wis., 342. The legal effect of the judgment is, either to carry out in full and towards all stockholders the proposed new issue of stock, or to refrain from it wholly and towards all the stockholders; and, in the former course, to issue the proper amount of full paid stock to the respondent, so as to make his stock bear the same proportion to the new stock that it did to the old.

*By the Court.* — The judgment of the court below is affirmed.