(71 Misc. Rep. 211.)

## SOMMER v. ARMOR GAS & OIL CO.

(Supreme Court, Equity. Term, Erie County. March, 1911.)

1. CORPORATIONS (§ 158*)—STOCKHOLDERS—RIGHT TO INCREASED STOCK.

Plaintiff had notice of stockholders' meeting on September 12th, at which it was voted to increase the capital stock, and she was allotted shares in proportion to her original holding, and notified to pay same on or before September 22d; · but no notice of forfeiture was given, if not taken within that time. Plaintiff did not offer to pay until October 4th. Refusal was based on the ground that plaintiff had lost her right by not paying September 22d, and not because the corporation had disposed of the stock. *Held*, that plaintiff was entitled to the increased shares, as the failure to exercise her right within the time limit barred her only from contesting a disposition of the stock to some one else.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 587, 588; Dec. Dig. § 158.*]

2. CORPORATIONS (§ 158*)—NATURE IN GENERAL—CORPORATE STOCK.

Where a corporation expressly refused to issue increased stock to a stockholder. entitled thereto, not because such stockholder was not willing and ready to pay for the same, but because she had forfeited her right by delay in making payment therefor, a tender by her was not necessary to put the corporation in default.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 158.*]

Action by Mary Sommer against the Armor Gas & Oil. Company to compel issue of increased capital stock to her as a shareholder. Judgment for plaintiff.

Thomas R. Stone, for plaintiff.

Simon Fleischmann, for defendant.

POUND, J. Plaintiff, a stockholder in defendant corporation, institutes this action to compel the defendant to issue and deliver to her a certificate for nine shares, of the par value of $25'a share, of its capital stock, being her allotted share of an increase of such stock. The corporation defends, on the ground that the shareholders were notified to pay for their allotted shares of the new or increase stock within a fixed, reasonable time, and that plaintiff failed to pay within the time fixed, and has so lost her right thereto. The corporation still holds the stock, unissued or otherwise disposed of, except that the directors on September 24, 1910, voted "to retain same as treasury stock."

The material facts are not in dispute. Plaintiff had due notice of a meeting of stockholders on September 12, 1910, at which it was voted to increase the capital stock. At such meeting she, with the other stockholders, was allotted shares in proportion to her original holding at par, and was duly notified "to pay for same on or before September 22, 1910," pursuant to resolution passed in such stockholders' meeting. But no action was taken and no notice was given that failure to pay within such time would forfeit her right to take the stock. Shares of the new stock were actually paid for by old stockholders as per allotment as late as September 24, 1910; the money being received by the corporation without protest and the new shares issued.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Plaintiff made no offer to pay for her shares until October 4, 1910, when she made a demand on the secretary of the defendant, and again on October 8, 1910, when she made a further demand at a directors' meeting. Refusal was based on the ground, not that the corporation had disposed of the stock, but that plaintiff had lost her right to take the shares by failure to pay for the same on or before the date fixed in the resolution above referred to. She was prepared to pay, and offered to pay, for the stock on October 8th; but she made no formal tender of the amount.

Plaintiff's right as an old stockholder to take the new or increased stock at par was an important property right, "which the courts will go very far to protect," in the absence of laches or acquiescence. Stokes v. Continental Trust Co., 186 N. Y. 285, 78 N. E. 1090, 12 L. R. A. (N. S.) 969. In Dousman v. Wisconsin, etc., Co., 40 Wis. 418, 421, it was held that a court of equity would compel a corporation to issue to every stockholder his proportion of new stock, on the ground that:

"He has a right to maintain his proportionate interest in the corporation, *certainly as long as there is sufficient stock remaining undisposed of by the corporation.*"

The right of existing stockholders to subscribe for increased capital stock must be exercised within a fixed or reasonable time, and mere failure to exercise such right within such time bars the stockholder *from contesting a disposition of the stock to some one else—* nothing more. It seems that defendant might, after September 22d, and before plaintiff's demand, have disposed of her shares, at par or otherwise, without incurring any legal liability by reason thereof. But, as said by Lord Herschell in James v. Buena Ventura, etc. [1896] 1. Chan. 456:

"The shares are still at their [the company's] disposal, and I do not see that they have in any way *acted to their prejudice on the assumption that the shares would not be applied for.*"

Until plaintiff declined to take the shares, or consented to the action of the defendant in withholding them from her, plaintiff was entitled to demand and receive her shares on payment therefor, as long as the new stock remained undisposed of. The fact that the new shares are now worth more than the old shares were worth merely enhances the value of plaintiff's right.

Defendant's claim that it had not been put in default by any proper tender is unavailing. Defendant expressly refused to issue the new stock, not because plaintiff was not ready and willing to perform on her part, but because the corporation denied her property right thereto. The ordinary doctrine of tender has no application to this case. Stokes v. Continental Trust Co., 186 N. Y. 285, 300, 78 N. E. 1090, 12 L. R. A. (N. S.) 969.

Plaintiff is entitled to judgment, with costs. Decision accordingly.