# THE

# MISCELLANEOUS REPORTS

OF THE

## STATE OF NEW YORK

COMMENCING MARCH, 1921.

---

HOYT, etc., Plaintiff, *v.* GREAT AMERICAN INSURANCE Co., Defendant.

(Supreme Court, New York Special Term, March, 1921.)

Corporations — when stockholders entitled to a reasonable time to subscribe for a proportionate amount of increased capital stock — pleading — laches — damages.

> Stockholders, in the absence of laches or acquiescence, have a vested right to take their proportionate share of an increase in the capital stock and are entitled to a reasonable time within which to subscribe therefor.

> Where in an action for damages, because of defendant's failure to give plaintiff or her testator, who was the holder of certain shares of the capital stock of defendant, a reasonable opportunity to subscribe for a proportionate amount of its increased capital stock, it appears upon the face of a separate defense, in which there are no denials, that no notice whatever of the stockholders' meeting was ever sent to plaintiff's' testator, and the facts set forth in lieu thereof and as an excuse for not sending such a notice constitute neither laches nor the waiver of the vested right of plaintiff's testator to take his proportionate share of the new stock, a demurrer to the separate defense will be sustained with costs.

DEMURRER to affirmative defense to first cause of action set forth in complaint.

Fraser, Speir & Meyer, for plaintiff.

Shearman & Sterling, for defendant.

1

DONNELLY, J. Demurrer by plaintiff to defendant's affirmative defense to the first cause of action set forth in complaint. This cause of action sets forth a claim for damages against the defendant in the sum of $8,662.50 arising out of the alleged failure of the defendant to give the plaintiff or her testator, who was the holder of record of thirty-five shares of the capital stock of the defendant, a reasonable opportunity to subscribe to a proportionate amount of its increased capital stock. The complaint alleges the holding of a special meeting of the stockholders on October 24, 1918, at which the stock was increased from $2,000,000 to $5,000,000, and a resolution was passed authorizing the defendant's directors to offer the increased stock to its stockholders *pro rata* at $150 per share, payable in cash, and that the defendant, pursuant to such resolution, made an offer to its stockholders on or about November 4, 1918, and that the proportionate amount of the increased stock to which plaintiff's testator was entitled to subscribe by reason of his ownership of thirty-five shares was fifty-two and one-half shares. It is also alleged that plaintiff's testator died on November 10, 1918, and that letters testamentary were issued to plaintiff on December 11, 1918; that the plaintiff's testator and his legal representatives were at all times ready, willing and able to subscribe for the said fifty-two and one-half shares of increased stock, which was worth greatly in excess of the subscription price of $150 a share, but that the defendant failed to give the plaintiff's testator and his legal representatives a reasonable opportunity to subscribe to the same, and in violation of their rights disposed of said fifty-two and one-half shares on or about December 15, 1918, to its directors, or some of them. It is also alleged in article sixth on information and belief that the plaintiff's testator received no advance notice of the stock-

holders' meeting held on October 24, 1918, and had no knowledge that the meeting was being held and that no advance notice of the meeting was given or sent to him at his last known post office address. The answer, in addition to denials of various allegations of the complaint, contains a separate affirmative defense to the first cause of action, in which there are no denials, and which, among other things, allege as follows: "On or about October 24, 1918, the capital stock of the defendant was duly increased from $2,000,000, divided into 20,000 shares of the par value of $100 each, to $5,000,000, divided into 50,000 shares of the par value of $100 each, pursuant to a resolution duly adopted by more than a majority of the stockholders of the defendant, at a meeting of the stockholders duly held on October 24, 1918. A copy of the notice of said meeting, stating the purpose thereof, was inclosed in a sealed, postpaid envelope, addressed to Albert Sherman Hoyt, Post Office Box 250, Yokohama, Japan, which was the address of the said Albert Sherman Hoyt appearing on the books of the defendant, and the last address which he had furnished it, and was his last address known to the defendant, and was duly mailed on or about October 7, 1918. Accompanying the said notice was a circular letter to the defendant's stockholders, stating the reasons for the said increase of its capital stock, and that it was of great importance to have all the new stock issued and paid for before the end of the year 1918, and further stating that the new stock would be issued to the stockholders, in proportion to their holdings, at $150 a share, and that one-half of the purchase price would be called for in about thirty days from the time of the increase, and the remaining one-half in about sixty days. * * * At the times hereinbefore mentioned and for some time prior thereto the defendant had,

pursuant to authorization from the said Albert Sherman Hoyt, sent checks for dividends on the stock standing in his name to the Title Guarantee & Trust Company, 175 Remsen street, Brooklyn, New York, and knowing that there would not be time for the said Albert Sherman Hoyt to exercise his right to subscribe for a proportionate part of the increased stock within the time fixed for the stockholders if the subscription warrant were sent to him at his registered address in Japan, above mentioned, the defendant sent a copy of said letter of October 25, 1918, to the said Title Guarantee & Trust Company, with a letter inquiring whether it was authorized to take any action in connection with the said subscription rights on the said stock standing in the name of Albert Sherman Hoyt. In reply to the said letter the Title Guarantee & Trust Company informed the defendant that the said Albert Sherman Hoyt had returned to America, and that his counsel in New York city, who attended to all his personal business affairs, were Steele & Otis, 25 Broad street, New York city, and that the matter should be taken up with them. The defendant fully believed that the said Steele & Otis did have charge of the personal business affairs of the said Albert Sherman Hoyt, and it accordingly sent the subscription warrants, covering the rights on the said stock standing in the name of the said Albert Sherman Hoyt, to the said Steele & Otis, on or about November 4, 1918, and asked them for instructions in regard to the exercise of the said rights, but the defendant received no instructions from them." It is conceded by both parties that it is the law of this state that an old stockholder has a vested right to take his proportionate share of the new or increased stock at par in the absence of laches or acquiescence. It is likewise conceded that a majority of the old stockholders have a

right to fix reasonable conditions and regulations concerning an increase of stock, particularly as to time. *Stokes* v. *Continental Trust Co.*, 186 N. Y. 285; *Sommer* v. *Armor Gas & Oil Co.*, 71 Misc. Rep. 211. The only question, therefore, presented by this demurrer is whether or not a reasonable notice, or any notice whatever, of the right of the plaintiff's testator to subscribe to his proportionate share of the increased stock was ever given. It appears from paragraph 1 of the separate defense that the address of the plaintiff's testator appearing on the books of the defendant was Post Office Box 250, Yokohama, Japan. It is not alleged that any such notice was mailed to said address, or any other address specifically authorized or designated by plaintiff's testator, but in lieu thereof an excuse for not sending such a notice is set forth in paragraph 3 of said separate defense. Stockholders are entitled to a reasonable time in which to subscribe. A reasonable time was not given to the plaintiff's testator; in fact, no time at all was given to him, as it appears on the face of the separate defense that no notice whatever was sent to him, and the facts set forth in lieu thereof do not constitute laches or waiver within the meaning of *Sommer* v. *Armor Gas & Oil Co., supra.*

Demurrer sustained, with ten dollars costs.