WOODRUFF and others vs. THE TOWN OF DEPERE, imp.

*February 23 — March 18, 1884.*

PRACTICE: REASSESSMENT OF TAXES. *(1) Objections to reassessment when may be filed after twenty days. (2) When court commissioner may act. (3) Discretion: Costs. (4) Issue on objections how made.*

1. Under sec. 2831, R. S., the court or a judge may, by an *ex parte* order, allow objections to a reassessment had in an action to set aside taxes to be filed after the expiration of twenty days from the completion of such reassessment. The filing and serving of such objections is a "proceeding in an action," within the meaning of that section.

2. The words "a judge" in sec. 2831, R. S., include a county judge or court commissioner.

Woodruff and others vs. The Town of Depere, imp.

3. Where a town clerk misled the plaintiffs' attorneys by making a reassessment more than two months before the time at which he had informed them he should do so, there was no abuse of discretion in allowing objections to be filed after the expiration of twenty days or in failing to impose costs as a condition of such allowance.

4. The mode of making up the issue upon objections to a reassessment is left to the discretion of the trial court; and its order will not be reversed on the ground that the issue directed is more formal than is necessary.

APPEAL from the Circuit Court for *Brown* County.

The case is thus stated by Mr Justice CASSODAY:

" This was an action to enjoin and set aside certain taxes levied and assessed in the year 1878 on the lands of the plaintiffs in the defendant town. On issue joined and trial had, the court made and filed findings of fact and conclusions of law, June 2, 1882, holding the assessment invalid for reasons affecting the groundwork of the tax and all the property in the town, and thereupon the court immediately stayed all proceedings in such action, until a reassessment of the property of such town could be made. Thereupon, and during the autumn of 1882, the authorities of the town proceeded to reassess the property of the town, and the tax roll thereon was duly completed by the town clerk October 20, 1882.

" On December 7, 1882, the plaintiffs, without notice to the defendants, procured from a court commissioner an *ex parte* order, to the effect that the plaintiffs have until December 15, 1882, to file their objections in writing to the reassessment roll claimed to have been made and prepared pursuant to the order of the court made therein June 2, 1882. That order was based upon affidavits to the effect that the attorneys for the plaintiffs did not learn of such completion until December 5, 1882; that they had several times during the summer made inquiries as to the time when the reassessment would be completed; that they wrote the clerk of the de-

Woodruff and others vs. The Town of Depere, imp.

fendant town, making further inquiries, August 11, 1882, and in answer received a letter from him, August 15, 1882, to the effect that he had not yet done anything on the tax roll, and should not begin it until about December 10, 1882, and would complete it about December 25, 1882, if nothing happened to prevent, and that he would notify them when the roll was completed, but never did.

"On December 9, 1882, written objections to the reassessment were filed therein, and on December 11, 1882, a copy of the objections to the reassessment was served by the plaintiffs' attorneys upon the attorney for the defendants, who, on the same day, returned such objections to the plaintiffs' attorneys, with the indorsement that the same were received too late — to wit, more than twenty days after the completion of the tax roll. On December 15, 1882, upon affidavits made, the court made an order to show cause why the objections should not be held to be properly filed, and an issue be joined thereon as provided by statute. The order to show cause having come on to be heard, it was thereupon, and on January 2, 1883, ordered by the court, in effect, that an issue be made up involving said objections by the filing, on the part of the plaintiffs, with the clerk of the court, a supplemental complaint involving the objections so filed, within twenty days thereafter, and that a copy thereof be served on the attorney for the defendants within the same period; and that the attorney for the defendants have twenty days from the time of such service on him to demur to or answer the same; and that a trial of the issue thus joined be had by the court summarily. The order was served on the defendants January 16, 1883, and they excepted thereto."

From that order the defendant town appealed.

For the appellant the cause was submitted on the brief of *W. J. Lander*.

For the respondent there were briefs by *Vroman & Sale*

and *John J. Tracy,* and the cause was argued orally by *Mr. Tracy.*

CASSODAY, J. The reassessment was not completed by the clerk until more than four and a half months after it was ordered. The plaintiffs desired to contest the validity of the same, but failed to file their objections thereto within twenty days after its completion, as required. Sec. 1210*b*, R. S., as amended by sec. 5, ch. 255, Laws of 1879, and ch. 128, Laws of 1881. It is claimed that allowing such objections to be filed and served thereafter was error. The statute provides, in effect that the court, or *a judge,* may, on motion and good cause shown, in his discretion, and upon such terms as may be just, allow any proceeding in an action after its commencement, not excepted therein, to be taken after the time limited by the statute has expired. Sec. 2831, R. S. The filing and serving of such objections was certainly a proceeding in the action after its commencement. The objection that the allowance was made upon an *ex parte* application, was overruled in *Cartright v. Town of Belmont,* 58 Wis., 370. The ruling in that case disposes of that objection in this case.

There seems to have been good cause shown for the allowance. The clerk of the defendant town not only failed to keep his promise and notify the attorneys for the plaintiffs, but actually misled them by completing the assessment more than two months prior to the time he had stated in his letter, and fifty-one days prior to the time he therein fixed for beginning the work upon it. If it was within the discretionary power of the commissioner to make the allowance at all, then the allowance here made was highly proper under the circumstances disclosed.

Nor do we think there was any abuse of discretion by failing to impose costs as a condition of its allowance. The defendant town, through its clerk, charged with the duty of

completing the reassessment roll, having been guilty, not only of a breach of promise, but of misleading the attorneys for the plaintiffs, is in no position to claim an abuse of discretion in failing to impose costs as a condition of allowing the motion which such bad faith had necessitated.

Had the court commissioner power to make the order granting the allowance? Sec. 2831, *supra*, expressly authorizes "a judge" to make the order. It does not say "by the court," nor "by the presiding judge," nor "by the circuit judge, using such words of designation," and hence neither a county judge nor court commissioner is prohibited from making the order by the first part of sec. 2815, R. S., as amended by subd. 24, sec. 2, ch. 194, Laws of 1879. Except as therein prohibited or otherwise directed in particular instances, a county judge or court commissioner may exercise within his county the powers, and is subject to the restrictions thereon, of a circuit judge at chambers, according to existing practice and the statutes, in all actions or proceedings in courts of record. *Ibid.* Since the statute does not require that such order must be made "by the court," or "by the presiding judge," or "by the circuit judge," but simply authorizes "a judge" to make the same, it follows that "a county judge or court commissioner" may also exercise within his county the same powers. That is to say, the words "a judge," as used in sec. 2831, must be construed to include "county judge or court commissioner." *Clark v. Bergenthal*, 52 Wis., 108. Of course all such orders may be reviewed by the court. Sec. 2815, R. S. Here the order was so reviewed, and, in effect, sustained.

It is claimed that the order appealed from is irregular because, in effect, it ordered an issue to be made up involving the objections filed, by filing and serving a supplemental complaint, and allowing the defendants twenty days to answer the same. The statute prescribes no particular mode of making up such issue, but leaves it very much to the

discretion of the court.    It simply provides that, upon filing and serving the objections, " the court may direct an issue to be made up involving the objections" so filed and served. Sec. 5, ch. 255, Laws of 1879, and ch. 128, Laws of 1881. There can be no question but that the order here required such issue to be made up, and that it should involve the objections filed.    It may be inferred from these statutes that because such issue, so made up, is to " be tried summarily by the court," it was more formal than actually required, but if that were so, still it would not be available as error.

*By the Court.*— The order of the circuit court is affirmed.