ALEXANDER, Appellant, vs. THE CONTINENTAL INSURANCE COMPANY OF NEW YORK, Respondent.

*November 23 — December 14, 1886.*

INSURANCE AGAINST FIRE. *(1, 2) Waiver of conditions: Authority of agent: Agreement to notify of falling due of premium note. (3) Loss: Deduction of unpaid premium: Statute of limitations.*

1. An agent of a fire insurance company has authority to waive the conditions of a policy.

2. A premium note was payable in annual instalments, and the policy provided that the liability of the company should cease upon failure to pay any instalment, but should revive again on payment provided written consent of the department superintendent were first obtained. The agent agreed to give notice to the insured fifteen days before any instalment became due. The first instalment became due July 1, 1877, but no notice was given to the insured until October 4, 1877, when he paid said instalment. No claim was then made that the policy had been forfeited or that any written consent was necessary to revive the company's liability; and the agent again agreed to give fifteen days' notice before each subsequent instalment became due. No such notice was given, and no further instalments were paid. In May, 1881, before the policy

Alexander vs. The Continental Ins. Co. of New York.

expired, a loss occurred. *Held*, that the condition as to the termination of liability had been waived, and the fact that instalments were several years past due at the time of the loss did not affect such waiver.

3. The policy provided that in case of loss the company might deduct any premium note or instalment. *Held*, that such right continued although the insured did not bring his action on the policy until the statute of limitations had run on the note.

APPEAL from the Circuit Court for *Portage* County.

The case is stated in the opinion.

For the appellant there was a brief by *O. H. Lamoreux* and *E. L. & Paul Browne*, and oral argument by *Mr. E. L. Browne*.

*Charles W. Felker*, for the respondent.

TAYLOR, J. This action was brought upon a fire insurance policy to recover for a loss arising during the time covered by the policy. The insurance was for five years. A cash premium of $11.75 was paid when the policy was issued, July 7, 1876, and a note given for the balance of the premium, to be paid in annual instalments of $11.75, on the 7th of July, 1877, 1878, 1879, and 1880. The first instalment was paid on the note, not on the day it became due, but on the 4th of October, 1877. The subsequent instalments were not paid, and the loss took place May 7, 1881. The policy contains, among other things, the following conditions: "This company shall not be liable for any loss or damage under this policy if default shall have been made in the payment of any instalment or premiums due by the terms of the instalment note. On payment by the assured or assigns of all instalments of premiums due under this policy and the instalment note given thereon, the liability of this company under this policy shall again attach, provided written consent of the superintendent of the western department be first obtained, and this policy be in force from and after such payment, unless this policy shall be void or

inoperative for some other cause. But this company shall not be liable for any loss happening during the continuance of such default of payment, nor shall any such suspension of liability under this policy, on account of such default, have the effect of extending such liability beyond the period of its termination as originally expressed in writing hereon. It is further provided that no attempt, by law or otherwise, to collect any note given for the cash premium, or any instalment or premium due upon any instalment, shall be deemed a waiver of any of the conditions of this policy, or shall be deemed in any manner to revive this policy. But upon payment by the assured or his assigns of the full amount due upon such note, and costs, if any there be, this policy shall thereafter be in full force, unless the same shall be inoperative or void from some other cause than the nonpayment of such note."

The complaint sets out the policy at length. It states the loss, and proof thereof; demand of payment, and refusal to pay; and, in regard to the payment of the premium, the following allegations are made:

"And the plaintiff further alleges that at the time of said application for said policy, and the payment of said cash premium, and the execution of said premium note as aforesaid, the said John Gray, who was the authorized agent of said defendant company, executed, for and in behalf of said defendant, a receipt to said plaintiff for said application, cash premium, and said premium note, on the back of which receipt was a notice stating that fifteen days before any instalment became due on said note the said plaintiff would receive notice from said defendant of the fact and the time when such instalment so became due, which notice was read to said plaintiff by said agent, and by her relied on, and which this plaintiff alleges was given at the time of the execution of said note and was and is one of the conditions on which said note was given; that said

agent, Gray, further informed the said plaintiff that said notice of fifteen days would surely be given to her by said defendant company, and which she relied on and expected to be given her as aforesaid.

"That the first instalment of said note became due and payable on the 1st day of July, 1877, and that said defendant neglected to give her the said notice until on or about the 4th day of October thereafter, at which time such notice was so given by an authorized agent of said company, and said plaintiff paid said instalment of $11.75 to said agent on the said 4th day of October, 1877.

" The plaintiff further alleges that, at the time of the payment of said first instalment as aforesaid, the said defendant company, by its last aforesaid authorized agent, promised and agreed to and with the said plaintiff that the said defendant company would give her fifteen days' notice before the next and each unpaid instalment became due, and would call upon her personally to pay the same, which promise and agreement the said plaintiff relied upon, and expected said notice from said company, but that since said time the said note has never been presented to her for the payment of other instalments, nor has she ever been requested by said defendant company or any one in its behalf to pay the other instalments or to send the same by mail or otherwise, nor has the said plaintiff ever had or received any notice whatever that any instalment on said note had become due since the first instalment paid as above set forth; and the plaintiff alleges on information and belief that said defendant company purposely and for its own advantage withheld the said promised notice, well knowing that the said plaintiff relied on the same, in order to defeat a recovery on said policy in case of loss. The plaintiff further alleges that said premium note has never been surrendered up to her, but that at the time of said fire and ever since said note was and is outstanding; that she has

at all times been ready and willing to pay the other instalments of said note when the same became due, if the same had been presented to her by the owner or holder thereof, but the same was never presented to her for payment, or payment demanded of her; and she further avers that she had no knowledge of the whereabouts of said note, or in whose hands or possession it was or had been."

The defendant company demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The circuit court sustained the demurrer, and from the order sustaining the demurrer the plaintiff appeals to this court.

The only question presented for our consideration on this appeal is whether the allegations above quoted from the complaint show a waiver on the part of the company of the condition in the policy that the company should not be liable for any loss or damage under the policy if default be made in the payment of any instalment or premiums due by the terms of the instalment note. We are clearly of the opinion that the payment of the money to become due upon the note, upon or before the day it became due, in order to continue the liability of the company on the policy, was waived by the agent of the company, and that the insured did not forfeit her rights under the policy by neglecting to pay the money on the note when it became due and payable by its terms. Against this view of the case the learned counsel for the respondent insists (1) that the agent of the company had no authority to waive this condition of the policy; and (2) that the facts alleged do not show any waiver.

The authority of the agent to waive the conditions of an insurance policy has been frequently asserted by this court as well as other courts. See sec. 1977, R. S. 1878; *Miner v. Phœnix Ins. Co.* 27 Wis. 693; *American Ins. Co. v. Gallatin,* 48 Wis. 36; *Schomer v. Hekla Ins. Co.* 50 Wis. 575;

*Roberts v. Continental Ins. Co.* 41 Wis. 321; *Gans v. St. P. F. & M. Ins. Co.* 43 Wis. 108; *Killips v. P. F. Ins. Co.* 28 Wis. 472, 483; *McBride v. Republic Ins. Co.* 30 Wis. 562; *Parker v. Amazon Ins. Co.* 34 Wis. 363, 370; *Webster v. Phœnix Ins. Co.* 36 Wis. 67; *Wright v. Hartford F. Ins. Co.* 36 Wis. 522; *Winans v. Allemania F. Ins. Co.* 38 Wis. 342; *Sherman v. Madison Mut. Ins. Co.* 39 Wis. 104.

This rule is absolutely necessary for the protection of the insured. The insured deals with no one but the agent; the company cannot deal with its patrons in any other way. Justice and law, therefore, require that the company shall be held to sanction what the agent agrees to and upon which the insured relies. To allow the company to enforce a condition or forfeiture of the policy for a neglect to do that which the agent informs the insured shall not avoid the policy, would work the greatest injustice. This case is an illustration of the justice of the rulings of the courts upon this question.

The insured had taken a policy in which there is a condition that the policy shall terminate if any instalment on the premium note is not paid promptly on or before the day it becomes due. The company has no place in the vicinity of the insured where the money can be paid. The agent says to the insured: "True, the policy says the liability of the company shall cease immediately if the money be not paid on the day, but I say to you, as agent of the company, that I will give you notice when payment is required." The insured, relying upon this promise of the agent, does not pay on the day. Two months or more after the day the agent appears and demands payment, and payment is made. No claim is made that there has been a forfeiture of the policy, or that it is necessary to have the policy renewed by procuring the written consent of the company in the manner prescribed in the contract, and the agent renews his promise to give notice when the next

and subsequent instalments should become due, and says he will call upon her personally for payment. No notice is afterwards given, and no one calls for the money. The note is retained by the company, and not presented for payment, nor payment thereof demanded in any way, and in the mean time a loss occurs.

The condition or forfeiture in the policy having been once waived, and the insured having been led to believe that it would not be thereafter enforced, the company cannot enforce it except by an actual demand of payment of the money due on the note and a neglect or refusal to pay the same, or by a return of the note to the insured with notice that the company insists upon the condition in the policy. See *Marcus v. St. L. Mut. L. Ins. Co.* 68 N. Y. 625; *Dilleber v. K. L. Ins. Co.* 76 N. Y. 567; *Sheldon v. A. F. & M. Ins. Co.* 26 N. Y. 460, 465; *Goit v. Nat. P. Ins. Co.* 25 Barb. 189; *Devine v. Home Ins. Co.* 32 Wis. 471, 477; *Howell v. K. L. Ins. Co.* 44 N. Y. 276, 283. See, also, many of the cases in this court cited above.

The case of *Dilleber v. K. L. Ins. Co. supra,* was a case of a life policy, where prompt payment had been waived by the company; and afterwards, when the insured offered to pay some days after the payment became due by the terms of the policy, the company refused to receive payment, and the insured shortly afterwards died. It held there was no forfeiture. The court say: "It may be inferred that the company had waived a strict compliance with their written condition, and they also aid in the proper construction of the agreement of the parties made in April, 1860. Indeed, the conduct of both parties from the time of that transaction seems to indicate that they regarded it as a part of the arrangement of insurance, and the insured was not in fault in trusting to its continuance. The company was bound by it, and could not in good faith insist upon a strict compliance with the condition of payment

until, before a premium became due, they gave the insured notice that they should exact it. They cannot, when their own interest seems to demand it, waive a condition, and, after reliance upon it by the insured, withdraw the waiver without notice." The above argument is strictly applicable to the case at bar, upon the allegations made in the complaint, which, for the purposes of this case, are admitted to be true.

It is urged that the plaintiff should be held to have forfeited the policy because so long a time elapsed after the money became due and before the loss, and yet she had not paid or offered to pay. The fact of the lapse of time can make no difference. Either the terms of the policy had been waived, or they had not. If they had not been waived, then the forfeiture took place immediately after the money had become due and remained unpaid. A loss occurring on the day after would be within the condition and as fatal to a recovery as a loss two years after. As said above, the condition of the policy having been once waived, it could not be again revived without notice to the insured and a demand of payment of the money due.

It is also said that it would be unjust to allow the plaintiff to recover in this action, which was commenced after the statute of limitations had run against the note, and so the plaintiff would have the benefit of the insurance without payment of the premium. This objection, which certainly has an equitable foundation, is answered by a provision in the policy which reads as follows: "In case of any loss under this policy, this company may deduct any note, or instalment thereof, given as a consideration for this policy." Under this clause of the policy, immediately upon a loss, the right of the company to deduct from the amount due the assured for such loss attached, and it continues, though the assured might delay bringing suit for the loss until the statute of limitations had run against the note.

Conditions of the policy set out in the complaint in this case, and upon which the company rely to defeat the claim of the insured, though not strictly forfeitures, are of a similar character, and, if the company intends to rely upon them to defeat a loss, it must see to it that nothing has been done by it or its agents which can reasonably be understood by the insured as a waiver of such conditions.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with directions to overrule the demurrer.