Stylow, Respondent, vs. The Wisconsin Odd Fellows Mutual Life Insurance Company, Appellant.

*August 31 — September 20, 1887.*

Estoppel *by receiving payment after due:* Insurance: Waiver.

1. A mutual life insurance company, whose by-laws provide that membership shall be forfeited by a failure to pay any assessment within sixty days after notice, but may be restored on paying all arrears, etc., the company reserving the right to exact a physician's certificate as to health, waives a forfeiture by making a new assessment while the member is in default by a failure to pay a previous one within the sixty days limited.

2. Such a company, by accepting payment on sixty-three out of sixty-four of its assessments against a member after the sixty days had expired as to each of them, without requiring a physician's certificate, and by subsequently making an assessment against him when

two previous ones are unpaid and one of them is overdue, estops itself from insisting upon a forfeiture on account of such overdue assessment.

APPEAL from the Circuit Court for *Jefferson* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This action was brought to recover $1,000 upon a certificate of insurance in the appellant company, No. 62, duly issued to F. Stylow, the husband of the respondent. The respondent was named the beneficiary in said certificate. F. Stylow died October 29, 1885. Said Stylow was, on the 30th of November, 1880, a member in good standing in Washington Lodge, No. 77, of the Wisconsin Odd Fellows, and as such member was entitled to become insured by the *Wisconsin Odd Fellows' Mutual Life Insurance Company*, and on that day a certificate of membership was issued to him, numbered 72, by which he became insured in the sum of $1,000 in said insurance company, payable to the respondent ninety days after due proof of his death. On October 1, 1883, this certificate No. 72 was surrendered to the company, and certificate No. 62 was issued to him in its place. The reason for this change was that at this time a different system of insurance by the company was inaugurated. The new certificate insured the deceased for the same sum, $1,000, payable after his death to the respondent. The complaint alleges all the material facts which would, if proved, entitle the plaintiff to recover. And the answer admits all the material facts, except the notice of proofs of the death of the insured, and sets up as defense to the action the following alleged facts, viz.: " That the by-laws and regulations of the company, both in 1880 and in 1883, required that each applicant for membership in this insurance company should agree in his application for membership that he would make punctual payments of all assessments which he should become liable to pay, and that a

neglect to pay any such assessments within sixty days after notice thereof should vitiate the certificate of membership and forfeit all payments made and all rights accrued thereunder." The answer further alleges that the assured made his application for insurance in accordance with the rules and regulations; that his certificate of 1880, as well as the certificate of 1883, was issued and accepted by him subject to such rules, etc.; and that said F. Stylow had before his death forfeited all his rights under said certificate No. 62, by failing to pay two assessments made against him within sixty days after due notice of the same as required by said rules, regulations, and by-laws of said company; that one of said assessments, numbered 17, was made on the 15th of July, 1885, the other on the 10th of August, 1885; that notices of such assessments were duly given to the said Stylow on the same day upon which they were made; and that the same remained wholly unpaid at the death of said Stylow.

The only question on the trial in the circuit court was whether the neglect to pay the assessments as set out in the answer was a defense to the action. On the trial, among other things, the following by-laws of the company were given in evidence:

"Sec. 4. If any member fails to pay the secretary any assessment made upon him within sixty days from date of notice issued by the secretary, his membership shall cease, and he can be reinstated only upon the terms fixed by the by-laws."

"Sec. 21. Any member of this company who is not more than one year in arrears may, if he is in good health, be reinstated on paying all assessments due, and if more than one year in arrears, and not over sixty years of age, can only be re-instated by furnishing a physician's certificate of good health, and paying the sum of $15. A physician's certificate *may* be required in all cases of re-instatement.

The receipts given upon the payment of the assessments made after the new certificate of membership was issued in 1883, had appended to them the following: " It is hereby understood that in case the assured is not in good health this receipt shall not be binding unless the money be paid to the secretary or local agent on or before ———," the last of the sixty days being inserted in the blank.

Upon the trial the evidence further showed that the forty-eight assessments paid by Stylow on his first certificate were all paid after the expiration of sixty days after notice of such assessment; that such payments were made from two to' one hundred days after the same were payable under the rules and by-laws of the company; and of the sixteen assessments made after the new certificate was issued in 1883, fifteen were paid after the expiration of the sixty days, ranging from eleven to 194 days after the expiration of the sixty days fixed by the rules and by-laws. The only one paid in time was the sixteenth assessment, which was paid July 29, 1885, ten days before the sixty days expired, and this was paid at the same time that the fifteenth assessment was paid, which was then past due twenty-eight days. There was no evidence in the case that the company ever required the insured to furnish any certificate of a physician, or any other evidence of the state of his health, when the company received of him the payments of his assessments after the same were past due. The evidence also discloses the fact that the company made assessment No. 19 against the deceased two days after he was in default for assessment No. 17, for the non-payment of which the company now claims he forfeited all rights under his contract with the company.

Upon this state of facts the learned circuit judge directed a verdict for the plaintiff. The company appeals to this court, and insists that the learned judge erred in giving such direction.

For the appellant there was a brief by *Gregory, Bird & Gregory*, and oral argument by *Geo. W. Bird*. Among other things, they argued that, by the terms of the defendant's charter and by-laws, and the express contract between it and the insured, his membership was forfeited by nonpayment of assessments when due; and that courts will enforce such forfeitures. ·*Ewald v. N. W. Mut. L. Ins. Co.* 60 Wis. 431; *Madeira v. Mer. Ex. Mut. Ben. Soc.* 16 Fed. Rep. 749. No waiver of the forfeiture, by any act or omission of an officer or agent of the company, with knowledge of the facts, was shown. *Cotton States L. Ins. Co. v. Lester*, 62 Ga. 247. A custom in respect to receiving assessments in conflict with the provisions of the charter and by-laws of the company cannot be set up as a waiver. 6 Wait's Act. & Def. 622, 635; *Thompson v. Insurance Co.* 104 U. S. 252; *Mutual F. Ins. Co. v. Miller Lodge*, 58 Md. 463; Hirsch's Law of Fraternities, etc. p. 32. Payment of assessments within sixty days is a provision of the charter, and cannot be waived. *Luthe v. F. M. F. Ins. Co.* 55 Wis. 543; *Morrison v. Wis. O. F. M. L. Ins. Co.* 59 id. 163.

*Harlow Pease*, for the respondent, contended that the defendant company had waived proofs of death by denial of liability, and forfeiture of membership by receiving assessments after due and by making the last assessment when the deceased was already in default, citing numerous authorities.

TAYLOR, J. Notwithstanding the very able argument of the learned counsel for the appellant, we are of the opinion that the company had waived the right to declare the policy forfeited for the nonpayment of assessments Nos. 17 and 18, which were unpaid and past due at the time of his death. The assured had every reason to believe that the company would accept the payment of these assessments as it had accepted the payment of all others within

a reasonable time after they became due, without making any question as to his state of health. And it is equally plain that, had payment been tendered the day before the death of the insured, such payment would have been accepted. The forfeiture, if any, arose upon the nonpayment on or before the day fixed for payment, and it is clear from the evidence that the company did not consider it forfeited on that day, and it cannot afterwards declare it forfeited because of the happening of an event which has nothing to do with the payment of the sum due. That the company did not consider the policy forfeited on account of the nonpayment of assessment No. 17, is very clear from the fact that they made assessment No. 19 against the deceased after No. 17 was past due. We think the case is ruled by the decisions of this court in *Erdmann v. Mut. Ins. Co.* 44 Wis. 376; *Woodruff v. Depere*, 60 Wis. 128; and *Alexander v. Continental Ins. Co.* 67 Wis. 422,— and cases cited in the opinions in those cases. Upon the evidence, we think the present case a much stronger one in favor of the plaintiff than either of the cases above cited.

It is urged by the learned counsel that the fact that the company appended to the receipts given for the assessments paid after the time for payment had passed the conditional clause above quoted, changes the rule as laid down in the cases cited. We do not think this appendage to the receipts given can alter the case. When no fraud has been practiced by the insured in concealing his state of health at the time the payments are made, and the company receives such payments out of time, when it might refuse payment and declare the insurance forfeited, it cannot accept the money and keep it and still insist upon a forfeiture. Every time the company makes an assessment against the assured after he has failed to pay a previous assessment within the time prescribed by the rules, it waives the forfeiture of the

policy for such failure to pay and admits him to be a member of the company notwithstanding such failure.

We are of the opinion that after the constant course of conduct of the company with the assured, as shown by the evidence in this case, the only way the company could insist upon a forfeiture for nonpayment within the time fixed by the by-laws would be by giving the assured personal notice that thereafter punctual payment would be required. It cannot with any plausibility be argued that in this case the company did not consider the deceased a member of the company up to the very time of his death, as the evidence shows that the assured was in his usual health up to the minute of his death. We think that good faith on the part of the company, as well as the law, requires that it should pay the respondent the amount of the insurance.

*By the Court.*— The judgment of the circuit court is affirmed.