TOELLE, Appellant, vs. CENTRAL VEREIN DER GEGENSEITIGEN
UNTERSTUETZUNGS GESELLSCHAFT GERMANIA, Respondent.

*October 2 — October 22, 1897.*

*Mutual benefit life insurance: Forfeiture by nonpayment of dues: Subsequent assessment and notice not a waiver of forfeiture.*

1. A mutual benefit insurance corporation whose by-laws provide that any member who shall be in arrears for dues for a specified time after notice shall forfeit his rights, subject to be reinstated on payment of arrearages, etc., does not waive a forfeiture so incurred by subsequently making a new assessment and giving notice thereof to the member who is in default for nonpayment of a previous one within the time limited, even though it had previously accepted payment of assessments after they were due.

2. Tender of the amount of an assessment to a person who is not authorized to receive it, but expressly disclaims such authority and informs the person making such tender to whom the money should be paid, does not bind the company, even though the person to whom the tender was made may have previously been in the habit of receiving from members money for assessments and paying the same over to the proper officer of the company.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

On August 18, 1888, the defendant issued to one Albert Toelle, then husband of the plaintiff, a certificate of membership in the defendant company whereby it, in effect, promised to pay a sum not exceeding $2,000 to the plaintiff, in conformity with the laws of the corporation, after satisfactory proof of the death of Albert, and on return of such certificate, provided said Albert, at the time of his death, should be in good standing in the defendant corporation. The by-laws of the defendant provided that it should be the duty of every member to pay an assessment to the financial secretary at the first meeting in every month, and that every member should, after notice, pay the assessment within thirty days from the date of the same, under penalty of sus-

Toelle vs. Central Verein G. U. G. Germania.

pension. The constitution provided that the financial secretary should keep a full and exact account between the council and its members, and should collect all moneys due the council; that he should notify all members immediately after receipt of notice of an assessment, as well as when they should be three months in arrears, by sending them a notice thereof, as required, by mail, and that such method should be deemed sufficient and legal notice; that any member who should be in arrears to the society for dues or fines should not be privileged to vote or participate in the sick benefits if the dues for the quarter should not be paid in before the last meeting in the quarter; that the financial secretary should announce such fact in open meeting, and, if the dues should not then be paid at or before the next meeting following, the member should be suspended from all benefits and privileges of the corporation; that, should the payment of the quarterly dues and fines of a member not follow within four weeks after the quarterly meeting, the member should lose his right to all benefits of the society, and should only be reinstated in his rights on the day payments should be made; that every member who is in arrears with his dues and assessments, and should be requested in writing by the financial secretary to pay, should pay a fine of ten cents for such extra written notice, and such fine should be added to the assessment fund; that a member who should owe three months' dues and fines, and from whom payment should be demanded by the secretary, and who should not pay the same within two weeks, could be dropped from the membership list upon the vote of the society; that a member who should be suspended for nonpayment of his dues could be reinstated, provided he complied with all the requirements and rules of the existing laws of the society within thirty days.

Albert died December 22, 1893, and the plaintiff, as beneficiary, brings this action to enforce the payment of such certificate. The defendant answered by way of admissions,

denials, and counter allegations. At the close of the trial the court directed a verdict in favor of the defendant, and from the judgment entered thereon the plaintiff brings this appeal.

The cause was submitted for the appellant on the brief of *Orren T. Williams,* attorney, and *William Kaumheimer,* of counsel, and for the respondent on that of *Fiebing & Killilea.*

CASSODAY, C. J.   The defense is to the effect that Albert was duly assessed September 1, 1893, and duly notified thereof, but failed to pay the same within thirty days as required; that the same was true of the assessment made October 1, 1893, and also of the assessment made November 1, 1893; that October 24, 1893, by reason of such nonpayment and pursuant to notice, Albert was duly suspended, and notified thereof; that November 28, 1893, he was expelled, and his name was stricken from the list of members; that Albert lived until December 22, 1893, but was never reinstated, and never paid any assessment nor any dues after September 1, 1893. Such facts are, in effect, alleged in the answer, and established by the undisputed evidence.

1. The right of the plaintiff to recover, as alleged in the complaint, is conditioned upon Albert having complied with all the rules, regulations, and laws of the defendant, and upon his being in good and regular standing therein at the time of his death.   It is contended that such allegations of the complaint are admitted by the answer, because *it is* therein " only denied upon information and belief."   But such denial is followed by this: " The defendant further denies that the said Albert Toelle was, at the time of his death, a member of the defendant association or corporation in good standing."   In addition, and as indicated, the answer alleges facts from which it appeared affirmatively that he was not in good and regular standing at the time of his

death. We must hold that the answer, in that respect, was sufficient to put the standing of Albert, at the time of his death, in issue.

2. It is further contended, in effect, that the allegation of the answer that an assessment was made November 1, 1893, implied that Albert had a right to pay that assessment at any time within thirty days thereafter, and hence waived his prior suspension, forfeiture, and delinquencies. In support of such contention counsel rely on *Stylow v. Wis. O. F. M. L. Ins. Co.* 69 Wis. 224. In that case the by-laws provided that membership should cease upon failure to pay any assessment for sixty days, subject to reinstatement upon terms therein prescribed. The member died October 29, 1885, and he was then delinquent for more than sixty days on an assessment made July 15, 1885, and another August 10, 1885; and September 15, 1885 (two days after the expiration of the sixty days on the assessment of July 15, 1885), another assessment was made against the member. The benefit certificate sued upon had been taken in 1883 in exchange for one taken in 1880. On the trial it appeared that of the forty-eight assessments made on the first certificate every one was paid and accepted by the company *after the expiration* of the sixty days, without question; and that of the sixteen assessments made on the last certificate fifteen were paid from eleven to one hundred and ninety-four days *after* the expiration of sixty days, without question; and that only one of the sixty-four assessments had ever been paid within the sixty days, and that was the assessment of June, 1885; and at the time of paying it the assessment of May, 1885, was also paid and accepted, without question, notwithstanding the sixty days had expired for nearly a month. Upon such facts it was held that the company could not escape payment by the mere failure to pay the two assessments within the sixty days. Some things said in the opinion of Mr. Justice TAYLOR in that case may be

misleading. The decision in the case is necessarily confined to the questions arising upon the facts and decided by the court. To say that every assessment after the failure to pay a prior assessment is a waiver of the forfeiture is to obviate all necessity for application for reinstatement so long as the assessments continue. Upon such a theory the only remedy the company would have would be to stop short, and insist upon forfeiture upon the first failure to pay an assessment. The case at bar comes within the principles of *Schmidt v. Modern Woodmen of America*, 84 Wis. 101. In that case the member was in default for nonpayment of an assessment when due, and accordingly his right to any benefits under the certificate was thereby suspended; but he was entitled to restoration on payment of arrearages within three months, if his health was not impaired; and it was held that the subsequent assessment, with the notice given, was not a waiver of the suspension of the right to benefits under the certificate. See, also, *Jackson v. N. W. Mut. R. Asso.* 78 Wis. 463. Under the constitution and rules of the defendant, Albert appears to have been properly suspended; and his right to be reinstated was thereby limited to thirty days from such suspension.

3. The attempt to show that in October, 1893, the plaintiff tendered to a saloon keeper by the name of Rudolph the amount then due the company is of no significance, since he was not the financial secretary of the defendant, and did not receive the money, and informed the little girl who brought the money that she must pay it to the financial secretary. Albert, as a member of the company, necessarily knew that the financial secretary was the only person authorized to receive such payment. There is no claim that Rudolph had any authority from the defendant to receive the money. The most that is claimed is that he had been in the habit of receiving money from Albert and others, and receipting for the same, and then paying it over to the

financial secretary. There was no abuse of discretion in re-
fusing a new trial for newly-discovered evidence to prove
such habit or custom. It does not appear that the plaintiff
was in any way prejudiced by any exclusion of testimony.

We find no reversible error in the record.

*By the Court.*— The judgment of the superior court of
Milwaukee county is affirmed.