RAMSEY, Respondent, vs. TRAVELERS' PROTECTIVE ASSOCIA-
TION OF AMERICA, Appellant.

*November 14—December 5, 1911.*

*Casualty insurance: Default in payment: Forfeiture: Waiver: Es-
toppel: Pleading.*

1. Where the conduct of an insurance company with reference to
strict observance by the assured of the agreement as to pay-
ment of dues is such that, naturally and in fact, it causes the
assured to believe that variances from such agreement, within
the limitations suggested by such conduct, will be regarded
by the company as sufficient performance to preserve the in-
tegrity of the agreement, it will be conclusively presumed that
the minds of the parties met upon that basis, displacing, to
that extent, the letter of the contract; this upon the equitable
doctrine of estoppel *in pais.*
2. Where the assured customarily paid his dues a few days after
the stipulated time, but the company nevertheless issued the
ordinary formal receipts without taking notice of the default
and as if no lapse of the insurance risk had occurred, a pro-
vision of the contract that, upon payment within thirty days
after a default, the assured "may be reinstated and receive a
new card of membership, but he shall receive no insurance
benefits . . . that may have accrued between the date of such
default and the date of his reinstatement," etc., did not op-
erate to displace the estoppel *in pais* under the rule above
stated, but, together with the conduct mentioned, shows that
it was the intention of the company to treat the contract as
not having lapsed at all.
3. Where there is no opportunity to plead an estoppel or waiver
there is no necessity for pleading it. Thus, in an action on an
insurance policy, where waiver was not a part of plaintiff's
cause of action, but forfeiture, if there was one, was a defense,
and such defense was pleaded but not so as to call for a reply,
plaintiff might prove a waiver of the forfeiture without having
pleaded it.

APPEAL from a judgment of the circuit court for Racine
county: W. J. TURNER, Judge. *Affirmed.*

Action to recover on a policy of casualty insurance.

There was no question but that plaintiff had a cause of action, unless his policy was forfeited before the accident, as claimed in the answer. The vital language of the policy was this:

"The . . . dues shall be due from, and paid by each member annually in advance, or in semi-annual instalments of $5.50 each, in advance, on January 1st and July 1st, without notice. . . . Any member failing to pay said dues in advance, on the day on which they become due, as aforesaid, to the secretary of the state division of which he is a member, shall, by such failure, cease to be a member of this association, and he and his beneficiary shall cease to be entitled to any benefits under his benefit certificate. Should he, within thirty days after such default, pay such dues, he may be reinstated and receive a new card of membership, but he shall receive no insurance benefits of any kind under his benefit certificate that may have accrued between the date of said default and the date of his reinstatement; and, if injured during the thirty or less days of his delinquency, the delinquent member shall receive no indemnity therefor, nor shall the beneficiary of such delinquent member be entitled to any benefits should such member be fatally injured during such period of delinquency."

Plaintiff had been a member for several years before the accident. He did not pay his July 1, 1909, dues as required by his certificate. He claimed the default was waived because defendant had, customarily, accepted payment after due with the same effect as if seasonably made, leading him to believe that payment according to the letter of the contract would not be insisted upon.

The evidence was to the effect that sometime before the due dates for payments receipts, partly executed, were delivered to the proper state secretary, who, thereafter, from time to time, completed and delivered them as money was received, and without regard to strict compliance with the contracts as to payment in advance; that plaintiff had customarily paid a few days after the contract time and without notice being

taken of it, except once, when default lasted for more than thirty days. Members, generally, in this state, were similarly treated. In the particular instance, payment was made six days late, which was less than had frequently happened before with plaintiff and others. Upon making such payment plaintiff, seasonably, received the usual receipt covering the full period of six months and terminating at the next due date. Between such date and the time of payment the injury occurred.

The case was tried by the court without a jury, resulting in findings of fact in harmony with the foregoing, and, particularly, that there was no notice in the instance in question, nor had there been before under similar circumstances, of suspension of insurance during the delay in payment; that the injury to plaintiff was within the risks insured against, occurred during the life of the insurance contract, and that all conditions precedent to the right to recover thereon, specified in the contract, had been complied with. Judgment was ordered accordingly for the amount of the contract indemnity, $160.71, and was rendered.

For the appellant there was a brief by *Kearney, Thompson & Myers,* and oral argument by *W. D. Thompson.*

For the respondent there was a brief by *Simmons & Walker,* and oral argument by *John B. Simmons.*

MARSHALL, J. The first question presented on the appeal is this: Is the positive provision of an insurance contract to the effect that failure to make prompt payment to the assurer at the precise time specified therein shall operate as an extinguishment of the risk till reinstatement in the manner provided therein, subject to constructive waiver by conduct of the company, inconsistent with nonexistence of the contract? That is ruled in the affirmative by the following adjudications of this court: *Bannister v. Patty's Ex'rs,* 35 Wis. 215; *Alexander v. Continental Ins. Co.* 67 Wis. 422, 30 N.

W. 727; *Jackson v. Northwestern Mut. R. Asso.* 78 Wis. 463, 472, 47 N. W. 733; *Reisz v. Supreme Council A. L. of H.* 103 Wis. 427, 79 N. W. 430; *Knoebel v. North Am. Acc. Ins. Co.* 135 Wis. 424, 115 N. W. 1094; *Seidel v. Equitable L. A. Soc.* 138 Wis. 66, 119 N. W. 818.

The general rule evolved from the general trend of authorities in this state and elsewhere is this: Where the conduct of an insurance company with reference to strict observance on the part of the assured of the agreement as to payment of dues, or payment in the particular manner stipulated, is such as, naturally to, and that it in fact does, cause the assured to believe that such performance will not be insisted upon, but that variances therefrom, within the limitations suggested by such conduct, will be regarded by the company as sufficient performance to preserve the integrity of the agreement,—it will be conclusively presumed that the minds of the parties met upon that basis, displacing, to that extent, the letter of the contract; this upon the equitable doctrine of estoppel *in pais*. The facts of this case are well within that principle, as illustrated in the cases cited.

It is suggested that the contract indicates, clearly, that it was framed to meet the stated rule in favor of appellant, in that it manifestly contemplates that, while such rule may operate to save the contract from the time the overdue payment shall have been in fact made, the forfeiture is left operative in the interim; in that it provides, in case of a default in seasonably making payment being lifted "within thirty days," the assured "may be reinstated and receive a new card of membership, but he shall receive no insurance benefits of any kind under his benefit certificate that may have accrued between the date of such default and the date of his reinstatement," etc. We observe that, strictly speaking, such language does not create an absolute right of reinstatement. It contemplates that the company may use its discretion as to whether to reinstate the delinquent or not, and

that the mere circumstance of a reinstatement will not have a retroactive effect. It suggests the doing of an act, to wit: a reinstatement, evidenced by, to all intents and purposes, an original certificate of membership, called a membership card; evidently something other than the ordinary receipt for a periodical payment. No such card was issued to respondent, but on the contrary, the formal receipt, as if no lapse of the insurance risk had occurred, was given, pretty conclusively showing, affirmatively, waiver of that clause of the contract. So instead of the particular clause operating to displace the estoppel *in pais,* under the rule mentioned, it and the manifest waiver by sending the receipt, instead of the evidence of a favorable discretionary act of reinstatement, show that the intention of the company was to treat the contract as not having lapsed at all.

It is suggested that the plaintiff was not entitled to the benefit of the circumstance of waiver, to avoid the effect of the forfeiture clause, acting upon his conduct, because of his failure to plead such waiver. The infirmity of that is this: where there is no opportunity to plead an estoppel or waiver, there is no necessity therefor. Waiver was not a part of plaintiff's cause of action, but forfeiture, if there were one, was a defense. It was so pleaded and not in such circumstances as to call for a second pleading on the part of plaintiff.

*By the Court.*—The judgment is affirmed.

TIMLIN, J., dissents.