FUGINA, Respondent, vs. NORTHWESTERN NATIONAL LIFE INSURANCE COMPANY, Appellant.

*December 12, 1913—January 13, 1914.*

*Life insurance: Payment of premiums after due: Waiver of strict performance and of forfeiture: Reinstatement, when unnecessary.*

1. Where, during the last two and one-half years before the death of the insured, all the quarterly premiums on a life insurance policy except the last one were paid by the insured and received by the company, without penalty, at times ranging from 75 to 118 days after they were due, and such course of dealing had induced the insured to believe that strict performance of the terms of the policy had been waived and that payment of defaulted premiums would be received within a reasonable time after default on the understanding that the contract had not lapsed, the failure to pay the last premium, which fell due 33 days before his death, did not result in a forfeiture or lapse of the policy, since the company must be held, under such circumstances, to have waived the provision in the policy for strict performance as to payment of premiums when due and forfeiture for nonpayment.

2. There having been no forfeiture in such case, no reinstatement of the insured as provided in the policy was necessary.

APPEAL from a judgment of the circuit court for Trempealeau county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

This action was brought to recover under a life insurance policy issued by the defendant. The contract of insurance sued upon was made by the husband of respondent, and appellant, May 27, 1901. The respondent, as wife of the insured, was named as beneficiary in the policy. The policy was issued subject to certain conditions, among which were:

"I. *Payment of premiums.* All premiums are due and payable at the home office of the company, but may be paid to agents producing receipts signed by the president or secretary and countersigned by such agents; and the nonpayment of any premiums when due, shall forfeit all premiums paid on this policy and terminate the liability of the company thereunder, except as hereinafter provided."

"VII. *Reinstatement of policy.* This policy may be reinstated during the life of the insured at any time within twelve months of the date of lapse by the payment of all past-due premiums and a fine of ten per cent. per annum on such overdue premiums."

"*Notice.* That each and every payment of premium is due at the date named in the policy, is given and accepted by the delivery and acceptance of this policy, and any further notice is hereby expressly waived. The giving of any other notice or the acceptance of any premium after it is due is to be considered as an act of courtesy only, and shall not be deemed as establishing a custom or as waiving or disturbing any of the conditions as to payments of premiums thereafter due."

The jury returned the following verdict:

"(1) Was the course of dealing on the part of the defendant company with the insured, Emil C. Fugina, in respect to this policy, such as induced the said Emil C. Fugina to believe that the strict performance of the terms of the policy had been waived, and that payment of defaulted premiums would be received within a reasonable time after default on the understanding that the contract had not lapsed, and that

such modified performance would be accepted by the company in lieu of the obligations imposed by its strict terms? A. Yes.

"(2) If you answer the foregoing 'Yes,' then was the failure of the said Emil C. Fugina to pay the premiums which fell due February 1, 1906, induced by such course of dealing on the part of the defendant company? A. Yes.

"(3) If you answer question No. 1 'Yes,' then was the failure to pay said premium which fell due February 1, 1906, continued for an unreasonable time after said premium fell due, before the time of his death? A. No."

Judgment was entered for plaintiff on the verdict and the defendant appealed.

*George H. Gordon,* for the appellant.

*Frank C. Richmond* and *Frank Winter,* for respondent.

KERWIN, J. The assignments of errors raise the question whether a verdict should have been directed for defendant. It appears that the premium due February 1, 1906, was never paid, and that the insured died March 5, 1906, and notice of his death received by the defendant March 21, 1906.

The contention of the appellant is that the policy lapsed because of failure to pay the premium which fell due February 1, 1906, and that insured was never reinstated. Many cases from other jurisdictions are cited by appellant on this point, and there would be great force in the argument if the alleged lapse or forfeiture had in fact occurred.

We think the findings are well supported by the evidence. This being so, the question arises whether they support the judgment. The inquiry is whether the policy lapsed, or whether the course of dealing between the parties was such as to amount to a waiver of the provisions of the policy as to payment of premiums when due. It will be seen from an examination of the record that none of the premiums under the policy, after and including the one due August 1, 1903, were paid when due. From that date up to the time

of· death the deceased paid and the ·defendant received the quarterly premium in each case long after the same became due. The first of such payments was made 82 days, the second 83 days, the third 78 days, the fourth 118 days, the fifth 107 days, the sixth 94 days, the seventh 87 days, the eighth 91 days, the ninth 75 days, and the tenth 80 days after due. So it will be seen that if there was no waiver of the forfeiture clause the deceased was insured during the last two and a half years for which he paid premiums only about two months. No notice of lapse or reinstatement of the policy was produced on the trial, but receipts for premiums paid were produced. The evidence shows that no penalty was paid for nonpayment of premium when due as provided in the policy. We think it clear under the findings and the evidence that the provision as to lapse of the policy for nonpayment of premiums was waived and therefore there was no lapse or forfeiture.

The jury found upon sufficient evidence that the course of dealing was such as to induce insured to believe that strict performance of the terms of the policy had been waived, and that payment of defaulted premiums would be received within a reasonable time after death of deceased, and that the insured believed and had reason to believe that such waiver had in fact been made, and that failure to pay the premium which fell due February 1, 1906, was not continued an unreasonable time, and that the failure to pay the premium was induced by the course of dealing on the part of the defendant. Upon the findings of the jury and the evidence we think it clearly established that the defendant intended to waive and did waive the provision in the policy for strict performance as to payment of premiums when due and forfeiture for nonpayment. All the premiums after and including that falling due August 1, 1903, except the last, were received by the defendant at periods ranging from 75 to 118 days after due.

We think this case is ruled by the following decisions in this court: *Knoebel v. North Am. Acc. Ins. Co.* 135 Wis. 424, 115 N. W. 1094; *Alexander v. Continental Ins. Co.* 67 Wis. 422, 30 N. W. 727; *Stylow v. Wis. O. F. M. L. Ins. Co.* 69 Wis. 224, 34 N. W. 151; *Reisz v. Supreme Council A. L. of H.* 103 Wis. 427, 79 N. W. 430; *Seidel v. Equitable L. A. Soc.* 138 Wis. 66, 119 N. W. 818; *Ramsey v. Travelers' P. Asso.* 147 Wis. 405, 133 N. W. 634.

If any authority outside of this state were necessary, the cases of *Morgan v. Northwestern N. L. Ins. Co.* 42 Wash. 10, 84 Pac. 412, and *Hartford L. & A. Ins. Co. v. Unsell,* 144 U. S. 439, 12 Sup. Ct. 671, are in point in favor of respondent's position here.

Counsel for appellant lays great stress on the point that the policy provides that reinstatement must be made during the life of the insured, hence there can be no reinstatement after death. This proposition would be difficult to meet if there had been in fact a forfeiture. But upon the established facts there had been no forfeiture, because that provision of the policy had been waived by the course of dealings of the parties.

In *Reisz v. Supreme Council A. L. of H.* 103 Wis. 427, 79 N. W. 430, the insured died while in default, and the court held that, because the company constantly received payments when overdue, the insured might reasonably infer that he was to be accorded a reasonable credit on his assessments. The court said:

"In line with such general policy, the rule has become well established by authority that where, by failure of some exact performance, a forfeiture is imposed on one party by the strict terms of an agreement, conduct of the other sufficient to induce a belief that such strict performance is not insisted on, but that a modified performance is satisfactory and will be accepted as equivalent, will justify a conclusion that the parties have assented to a modification of the original terms, and that their minds have met upon the new un-

derstanding that a different mode of performance shall have the same effect—or, as it is often expressed, that the obligee has waived strict performance."

Many cases are cited by appellant's counsel from other jurisdictions, but we regard the questions involved here settled by the decisions of this court. Counsel seems to rely on *Toelle v. Central Verein,* 97 Wis. 322, 72 N. W. 630, but we do not regard that case in point.

We are convinced that the judgment below is right and should be affirmed.

*By the Court.*—The judgment is affirmed.