THORSON, Respondent, vs. WISCONSIN LIFE INSURANCE COMPANY, Appellant.

*February 16—March 15, 1938.*

For the appellant there was a brief by *Schubring, Ryan, Petersen & Sutherland* of Madison, and oral argument by *Arnold R. Petersen.*

*Wendell McHenry* and *J. Kyle Anderson,* both of Waupaca, for the respondent.

FOWLER, J.  The plaintiff is the beneficiary under a life insurance policy issued by the defendant on the life of her deceased husband.  The evidentiary facts are stipulated. On these facts the court entered judgment for the amount of the policy, and the company appeals.

The policy was less than a year old, so there was no reserve to apply to payment of premiums.  Premiums were paid quarterly in advance.  A quarter's premium of $50.05 fell due on February 6, 1937.  Previous premiums were all paid in full.  All had been paid by checks and premium notes, and both checks and notes had all been paid by the insured.  Thirty days of grace were allowed by the policy for payment of premiums.  This extended the time of payment of the February instalment to March 8th.  On that day the insured mailed his check for $18.89 and a premium note for $31.42 payable on or before April 7th to the company. These were received by the company on March 9th, but it was the custom of the company to accept payments received by mail after expiration of the grace period when they were mailed prior to its expiration.  On receipt of the insured's note and check, under date of March 9th, the company sent

the insured its receipt reciting that it "acknowledges receipt of cash payment and signed extension note," which set out a copy of the note. The note recited that:

"This note with a cash payment . . . is given for an extension of time within which the maker may pay a premium due. . . . It is expressly understood and agreed that this note does not constitute payment of the premium, but merely evidences an extension of time within which to pay the premium, and the cash payment made with the note does not increase the nonforfeiture values if the note is not paid when due."

The check was deposited by the company in its local bank on March 10th, and the bank credited the company with the amount thereof. The check was sent through the Milwaukee Clearing House and reached the bank on which it was drawn on March 12th, when it was protested for lack of funds. On the forenoon of March 13th the insured sent to the company by telegram a Western Union money order for the amount of the check and protest fees, which the company received at 2:15 p. m., and before the insured died. The secretary of the Insurance Company saw in a newspaper of March 14th a notice of the insured's death. On March 15th the protested check was received by the bank in which the company deposited it and returned to the company, and on that day the Insurance Company sent to the beneficiary the Western Union money order and protested check and on March 19th sent to her the note. The company defends on the sole ground that the policy lapsed by failure of the insured to pay the premium due February 6th within the grace period.

The respondent claims that by the terms of the receipt given on receipt of the check of the insured, the terms of the note accompanying it, and the custom of the company in all its prior transactions with the insured to accept checks as cash with notes as payment for premiums, the company is

estopped to claim that the policy was forfeited for nonpayment within the grace period of the premium that fell due on March 8th. The decided cases bearing upon this proposition are collected in a note to *Martin v. New York Life Ins. Co.* 30 N. M. 400, 234 Pac. 673, 40 A. L. R. 406. The reported case is to the effect that if an insured sends to the company within the grace period a check to pay a premium and the check is accepted as payment by the company, this continues the policy in force for the period covered by the premium, although the bank on which it is drawn protests the check for lack of funds. There, as here, cash was tendered in payment of the protested check after the grace period had expired and refused by the company. In the note appended to the report, statements are made to the effect that if it was the custom between the company and the assured to accept checks as payment of premiums, the assured may rely on the custom until notice to the contrary and pay by check (40 A. L. R. p. 420) ; that defaults may be waived by acceptance of a check in payment although the check is worthless (40 A. L. R. p. 421) ; and that the general rule is that while mere receipt of a worthless check will not constitute payment so as to avoid forfeiture, if it is in fact accepted as payment the forfeiture is waived (40 A. L. R. p. 423). The cases cited in the note support these statements. A recent Iowa case, *Hockert v. New York Life Ins. Co.* 276 N. W. 422, is to the precise point that a check accepted with a note as part payment of a premium constitutes payment of a premium, although the check is returned unpaid for lack of funds and not made good by the assured prior to his death occurring within the period covered by the premium. The following cases, in addition to the *Martin* and *Hockert Cases, supra,* are to the precise point that a check receipted for as cash in payment of a premium operates as payment although dishonored on presentment. *Texas*

*Mut. Life Ins. Asso. v. Love* (Tex. Civ. App.), 66 S. W. (2d) 424; *State Life Ins. Co. v. Nolan* (Tex. Civ. App.), 13 S. W. (2d) 406; *Northwestern Life Assur. Co. v. Sturdevant*, 24 Tex. Civ. App. 331, 59 S. W. 61.

It was expressly stipulated that all payments of premiums by the assured previous to the one involved had been made "by check and extension notes thereafter paid by the insured." The assured's checks had theretofore always been accepted as cash. The defendant is estopped by this custom from not so accepting the check instantly involved sent with the note as cash in payment of the premium due. Holding the defendant so estopped is in accord with the holding of the court in *Knoebel v. North American Acc. Ins. Co.* 135 Wis. 424, 428, 115 N. W. 1094, wherein the rule of the supreme court of the United States in *New York Life Ins. Co. v. Eggleston,* 96 U. S. 572, 24 L. Ed. 841, is expressly adopted:

" 'Any agreement, declaration, or course of action on the part of an insurance company which leads a party insured honestly to believe that, by conforming thereto, a forfeiture of his policy will not be incurred, followed by due conformity on his part, will and ought to estop the company from insisting upon the forfeiture, though it might be claimed under the express letter of the contract.' "

This ruling has been approved and applied under various circumstances in *Seidel v. Equitable Life Assur. Soc.* 138 Wis. 66, 119 N. W. 818; *Ramsey v. Travelers' Protective Asso.* 147 Wis. 405, 133 N. W. 634; *Fugina v. Northwestern Nat. L. Ins. Co.* 155 Wis. 480, 144 N. W. 989. Had the assured not been led to believe by the defendant's previous course of conduct that it would so accept the instant check, he would manifestly have sent cash instead of the check, as he immediately did send cash in payment of the check on learning of its protest by the bank. It is stated in *Texas Mut. Life Ins. Asso. v. Love, supra,* as matter of common knowledge, that checks are often issued in good faith when there are not

sufficient funds on deposit to cover them. Bad faith, that is, issuance with knowledge that there are not funds on deposit to cover them, is not to be presumed.

It may further be said that it was stated in *Texas Mut. Life Ins. Asso. v. Love, supra,* p. 426:

"It was incumbent on the company, if it desired to retain its right under the contract to forfeit the policy, to have stipulated that the check would be without effect upon the contract, unless paid in due course. Not having so taken the check, the effect of its act was, to say the least, a noninsistence on the very provision upon which it seeks to predicate a forfeiture."

Whether this should be applied as a rule under all circumstances is doubtful. But where, as here, an insurer receives a check and a note to cover an insurance premium, and in its receipt therefor recites the receipt of cash to the amount of the check and the note as payment of the premium, and expressly states that the note shall not operate to avoid forfeiture unless paid when due, but makes no such condition as to the check it treats as cash, the rule as stated may properly be applied. If the company did not wish to have it operate to avoid forfeiture unless paid when presented, it should not have receipted for it as cash, but should have receipted for it as a check and stated, as it stated of the note, that it would not avoid forfeiture unless paid on presentment.

*By the Court.*—The judgment of the circuit court is affirmed.