RUSE *vs.* THE MUTUAL BENEFIT LIFE INSURANCE COMPANY.

The plaintiff insured the life of B. in the defendants' company, in the sum of $2000, for the term of life, agreeing to pay an annual premium of $97.40, on or before the 10th day of April in every year. And it was provided in the policy that in case the plaintiff should not pay the premium on or before that day, the company should not be liable to pay the sum insured, and the policy should cease and determine. On the plaintiff's making application for insurance, the defendants' agent handed to him a pamphlet issued by the company, entitled "Prospectus" &c. which contained these clauses: "Every precaution is taken to prevent a forfeiture of policy. A party neglecting to settle his annual premium within thirty days after it is due, &c. forfeits the interest he has in the policy." The premium for the second year was not paid on the 10th day of April. B. died on the 14th of that month. After the defendants' agent had heard of B's illness, and on the 13th of April, the plaintiff tendered to the agent the premium, which the latter refused to receive. *Held* that the prospectus issued by the company was to be regarded as a waiver of the forfeiture incurred by the non-payment of the premium on the 10th of April; and that the defendants, after having by such prospectus induced the plaintiff to omit the payment when due. and to rest upon the assurance contained in the prospectus, of a further credit of 30 days, could not be allowed to insist upon the forfeiture as a defense, in an action upon the policy.
*Held also,* that whether the prospectus was held to be a *waiver* of the forfeiture, or to *estop* the defendants from insisting on it, was immaterial; that in either view they had no defense to the suit, and the plaintiff having tendered the second year's premium within the 30 days, was entitled tto recover.
*Held, further,* that the plaintiff's application for the insurance, which was accepted by the defendants, and in which the plaintiff stated that he had an interest in the life of B. to the full amount of $2000, was sufficient proof of such interest, as between the parties, if any proof of interest was necessary.

Ruse *v.* Mutual Benefit Life Insurance Company.

APPEAL from a judgment recovered at a special term. The complaint averred that the defendants were duly incorporated and organized as a corporation in 1845. That on the 15th of July, 1846, at Columbus, in Georgia, they made a policy of insurance to the plaintiff, on the life of Ira D. Bugbee, of Florida, for the term of his life, and for the sum of $2000, for the sole use of the plaintiff. That the premium was paid, and the policy delivered to him on said 15th July. That Bugbee died on 14th April, 1847, and due notice was given to the defendants. The plaintiff prays judgment for $2000, and interest from 14th April, 1847. The answer averred that the policy was on the condition that the premium should be paid on or before the 10th of April in each year. That the premium for the second year was not paid on the 10th of April, 1847. That Bugbee died after such 10th April, 1847. Wherefore, the defendants denied their liability. On the trial the policy was read in evidence. It contained no date, except that it purported to be " countersigned at Columbus, the 15th day of July, 1846," and was indorsed by the defendants, " dated 10th April, 1846." It was proved that Charles Mygatt was the defendants' agent at Columbus, Georgia, in 1846 and part of 1847. That the application for the insurance was made to Mygatt, in Columbus, in April or May, 1846, and by him transmitted to the defendants, in New York, in July, 1856. That in July, 1846, Mygatt received the policy from the defendants, and delivered it to the plaintiff, who then settled with him the year's premium, $97.40. That Bugbee died on or about 13th April, 1847; and after Mygatt had heard of his death, and on said 13th April, 1847, the plaintiff tendered to him the second year's premium, which he refused to receive. That when the plaintiff made his application for the insurance, in April, 1846, Mygatt, the agent, handed to him a pamphlet issued by the defendants, entitled " Prospectus," &c. which contained these clauses :

"20th. Every precaution is taken to prevent a forfeiture of policy."

"A party neglecting to settle his annual premium within thirty days after it is due, &c. forfeits the interest he has in the policy." Which "Prospectus" was read in evidence. The plaintiff also gave in evidence another pamphlet entitled "Prospectus" &c., issued by the defendants after the death of Bugbee, which contained this additional clause: "If the annual premium is paid within the thirty days mentioned above, (the party being in sound health,) the policy will be renewed by the company without extra charge." And omitted the clause about preventing forfeitures of policy. The defendants gave in evidence the application for the insurance, signed by the plaintiff, which contained these averments, viz: "I have an interest in the life of the said J. D. Bugbee to the full amount of the said sum of $2000, and I hereby agree that this declaration shall be the basis of the contract between myself and the said company," &c. The defendants also gave in evidence the laws of Georgia and of New Jersey against gaming. The defendants, on these facts, insisted—1. That by omitting to pay the premium on the day mentioned in the policy it was forfeited, and that the prospectus could not alter the policy. 2. That there was no proof or allegation of interest. 3. That there was a variance between the pleadings and proof, in this, that it was averred that the insurance was for one year from 15th July, 1846, while the proof was that it was from 10th April, 1846. The judgment was for the plaintiff for $3583.30 principal, interest and costs. The defendants appealed to the general term.

*A. C. Bradley,* for the appellants.

*J. W. Edmonds,* for the respondent.

*By the Court,* SUTHERLAND, J. The policy or contract of insurance in this case was not a contract from year to year, dependent for its continuance upon the payment of the premium on or before the 10th day of April in each year; but it

Ruse *v.* Mutual Benefit Life Insurance Company.

was an *assurance of the life of Ira D. Bugbee for the term of life,* for the sole use of the plaintiff, subject to be defeated by the non-payment of the annual premium on any 10th day of April. The words of the policy are, that the defendants, "in consideration of the sum of ninety-seven dollars and forty cents to them in hand paid, by John C. Ruse, and of the annual premium of ninety-seven dollars and forty cents to be paid on or before the 10th day of April, in every year during the continuance of this policy, do assure the life of Ira D. Bugbee, of Apalachicola, in the county of Franklin, state of Florida, in the amount of two thousand dollars, for the term of life, for the sole use of said John C. Ruse." In a subsequent part of the policy, it was agreed and provided, that "in case the said John C. Ruse shall not pay the said annual premium on or before the several days hereinbefore mentioned for the payment thereof, then, and in every such case, the said company shall not be liable to the payment of the sum or any part thereof; and this policy shall cease and determine." The policy is without date; but was countersigned by the defendants' agent, at Columbus, Georgia, on the 15th day of July, 1846, and delivered by him to the plaintiff, on or about that day; the plaintiff, at or about the time of the delivery, paying to the agent $97.40, one year's premium. When the plaintiff made his application for the insurance, in April, 1846, the defendants' agent handed to him a pamphlet issued by the defendants, entitled "Prospectus," &c. which contained these clauses:

"20th. Every precaution is taken to prevent a forfeiture of policy."

"A party neglecting to settle his annual premium within thirty days after it is due, &c. forfeits the interest he has in the policy."

The premium for the second year was not paid on the 10th day of April, 1847. Bugbee died on the 14th day of April, 1847, and due notice of his death was given to the defendants. After the defendants' agent had heard of Bugbee's illness,

and on the 13th day of April, 1847, the plaintiff tendered to the agent the second year's premium, which the agent refused to receive. The plaintiff brings this suit to recover two thousand dollars, the amount for which the life was insured and interest.

The defendants insist on the fact, that the second year's premium was not paid on or before the 10th day of April, according to the terms of the policy, as a defense.

The question in the case, we think, is, admitting, according to the terms of the policy itself, such default in the payment of the premium to be a good defense to the plaintiff's claim; whether the defendants are not estopped by their own act and declaration—their "Prospectus"—from setting up and insisting upon such default, as against the plaintiff's claim. We think they are so estopped. The policy is one entire contract of insurance, not from year to year, as the premiums should be paid, but for the whole term of the life of Bugbee, on condition, that if the annual premium was not paid on the 10th of April, the policy should cease and be void. The question is not, therefore, as the counsel of the defendants, on the argument, seemed to suppose, whether the "Prospectus" issued by the company, substantially declaring that the plaintiff should have thirty days after the 10th of April within which to pay the premium, without incurring a forfeiture, could or did operate as a *continuance* of the policy after the 10th of April; but the question is in this case, whether the "Prospectus" may not be looked upon as a waiver of the forfeiture by the defendants, or whether they can now set up the condition of forfeiture in the policy against their own written declaration to the plaintiff, with reference to which it is to be presumed the plaintiff accepted the policy and neglected to pay the annual premium punctually on the 10th of April, 1847. If the defendants, by their "Prospectus," induced the plaintiff to act as he did, and rest upon its assurance of a credit of thirty days from and after the 10th of April, for the payment of the premium, then the forfeiture was caused by

Ruse *v.* Mutual Benefit Life Insurance Company.

their own act; and it certainly would not be right or legal to permit them to take advantage of a forfeiture which they were the cause of. It is quite immaterial, whether the "Prospectus" of the company is held to be a waiver of the forfeiture, or to estop them from insisting upon it in this case; in either view they have no defense; and the plaintiff having tendered the second year's premium, within the thirty days, is entitled to recover.

An estoppel is where one having willfully, by act or words, induced another to act in a particular way, is not permitted by the law to gainsay such act or words, to the injury of such other, even by speaking the truth.

Upon the question of the defendants' right to insist upon a forfeiture of the plaintiff's interest in the policy in this case, the case of *Buckbee* v. *The United States Ins. Co.*, (18 *Barb.* 541,) appears to be in point against such right, and the general principles of justice upon which estoppels are permitted to operate, certainly justify their application in this case.

As to the other point raised by the defendants, that there was no proof that the plaintiff had an insurable interest in the life of Bugbee, we think that the plaintiff's application in writing for the insurance, which was accepted by the defendants, and in which the plaintiff stated that he had an interest in the life of Bugbee to the full amount of the sum of $2000, sufficient proof of such interest as between the parties, if any proof of interest was necessary.

The judgment appealed from must be affirmed with costs.

[NEW YORK GENERAL TERM, February 1, 1858. *Davies, Clerke* and *Sutherland,* Justices.]