——o——

MACKLOT THOMPSON, Respondent, *vs.* ST. LOUIS MUTUAL LIFE INSURANCE COMPANY, Appellant.

*Contracts—Insurance—Premium, prompt payment of—Waiver.*—Though a contract of insurance requires prompt payment of the premium or the policy will be forfeited, yet the insurers may waive this condition by a habit of receiving the premium after it is due.

*Appeal from St. Louis Circuit Court.*

*Cline, Jamison & Day,* for Appellant.

This case stands on simple naked acts of indulgencies granted to the plaintiff, for two successive years.

The memorandum referred to, formed a *part* of the *policy itself.* (Stocking vs. Fairchild, 5 Pick. 181 ; Gurnerson vs. Murray, 4 N. H., 171 ; Roberts vs. Chenango County Mutual Insurance Company, 3 Hill, 501; 1 Phillips on Ins., § 68, p. 51 ; 1 Arnold on Insurance, p. 41.)

*Bakewell, Farish & Mead,* for Respondent.

The proof showed that in regard to the previous payments of the annual premiums, they had always been paid weeks

after they were due, and received by the defendant without objection, and therefore the instruction given was correct. (Buckbee vs. U. S. Ins. Co., 18 Barbour, 541 ; McClure vs. Philadelphia Ins. Co. 6 Penn. State., 107 ; Ruse vs. Mutual Benefit Life Ins. Co., 26 Barb. 556.)

ADAMS, Judge, delivered the opinion of the court

This was an action on a. policy of insurance issued by the defendant to Alfred C. Bernoudy, whereby in consideration of two hundred and thirty and twenty-eight hundredth dollars paid by him, and an annual premium of the same amount to be paid on or before the 28th day of March, in each and every year next after the date of the policy for nine years, the Company assured the life of said Bernoudy, in the sum of three thousand dollars, to be paid to the plaintiff at the expiration of the nine years, or if Bernoudy died in the meantime, to be paid in ninety days after due notice or proof of his death.

The policy provided that if default should be made in the payment of any of the annual premiums at the time limited for their respective payments, such default should not work a forfeiture of the policy but the three thousand dollars insurance should then be commuted or reduced to such proportional part of the whole sum insured, as the sum of the annual payments that had been paid; should bear to the ten annual payments stipulated to be paid by Bernoudy.

And it was also provided, that if the insured should fail to pay annually in advance the interest on any unpaid notes or loans, which might be owing by him to the Company on account of any of the annual premiums, then, and in every such case, the Company should not be liable for the payment of the amount of insurance, or any part thereof, and the policy should cease and determine.

Bernondy, whose life was insured, died before the expiration of the nine years, and the plaintiff under the policy claimed the whole amount of insurance. The defendant claimed a commutation of the amount of insurance, upon the alleged ground that default had been made in payment of the

annual premiums on the days stipulated. And the defendant also set up two additional defenses of a forfeiture of the policy, by reason of the non-payment in advance of interest on premium notes.

At the foot of the paper on which the policy was printed and written, but not embodied in the policy itself, there appeared to be the following printed memorandum : "N. B. Agents of this company are not authorized to grant permits, or to make, alter or discharge contracts, or waive forfeitures. If a premium is received by the company after the day named in the policy for its payment, it is considered by the company and the assured as an act of grace or courtesy, and forms no precedent in regard to future payments."

The evidence in the case showed that the premium due on the 28th of March, 1870, was not paid or tendered on that day, but in two days thereafter the same was duly tendered but refused. The proof showed that in regard to the previous annual payments commencing in March, 1868, they had always been paid weeks after they were due, and received by the defendant without objection. In regard to the premium of the previous year, it was paid six weeks after it became due and received without any objection, and that there had been no change in the health or condition of the deceased. It also appeared that the plaintiff had another policy in this company, which was running and in force during the same time as the policy sued on, and that in regard to the premiums accruing under this policy it was the practice of plaintiff to pay, and the defendant to receive the premiums long after they were due.

The court at the instance of the plaintiff and against the objections of the defendant instructed the jury: "If the jury believe from the evidence, that it had not been the practice of the defendant to exact prompt payments of premiums when due under the policy sued on ; that they had allowed the said payments to lie over for several days or weeks after they became due, and then accepted payment of said premiums, then these are facts from which the jury may find, that the defend-

ant waived a literal compliance with the condition as to punctual payment. And if the jury further find that there was such a waiver, and that in a few days after the 28th of March, 1870, the plaintiff duly tendered to defendant the amount due under the policy, they will find for the plaintiff, in the sum of three thousand dollars, less the amount shown to be due, at the rate of six per cent. per annum from the commencement of this suit, to-wit: 13th Sept. 1870."

There were instructions given and refused for defendant, but it is unnecessary to recite them, as the giving of the plaintiff's instruction raises the only material point in the case.

The jury, under this instruction, found for the plaintiff, the amount of the policy less the amount unpaid on said policy, as indicated in plaintiff's instruction.

A motion for a new trial was overruled and judgment rendered at special term for plaintiff, and the defendant appealed to the General Term where the judgment at Special Term was affirmed, and an appeal taken to this court.

In contracts of insurance, as in other contracts, the parties may make the time of the performance of any stipulation of the very essence of the contract. In such case, the contract becomes utterly at an end, or void, as soon as the default is made. The stipulations in regard to the time of the payment of the premiums in this policy, I do not regard as of the essence of the contract. It was not so regarded by the parties themselves. By their acts and conduct the parties have construed this contract for themselves. It was not regarded by either party as of the essence of this policy, that the premiums should be paid on the very day that they became due.

The memorandum at the foot of the policy did not give any additional force to the stipulation in the policy, if we may consider it as having any effect whatever. If it had any force, it seemed to be looked upon by the parties as a license or invitation to the plaintiff to disregard the exact day of payment and to rely upon the courtesy of the company. The plaintiff pursued this course, and instead of making his payments on the very day when due, let them lie over for a short time, and still they were received without objection.

The plaintiff was thus induced to believe, that a failure of strict payment on the day would not prejudice his rights.

The courts have become more liberal in their construction of those sort of stipulations in policies of insurance ; formerly it was held, that when in a fire insurance policy it was required that additional insurance could not be taken without first obtaining the consent in writing of the company, to be indorsed upon the policy, it would become void if such consent was not in every case so indorsed. It was not sufficient to give notice of the additional insurance and rely upon the company's verbal consent thereto.

The old rule required the consent to be in writing and in dorsed upon the policy, but it is now understood to be the settled law of this State, that if notice be given to the company of the additional insurance, and no objection is made, the company will be estopped from insisting on a forfeiture of the policy, because their consent thereto was not indorsed as required by the literal stipulation therein.

So in regard to the payment of premiums, it seems to be well settled that the practice of the company in accepting the same without objection after the day stipulated for the payment, must be treated as a waiver of the exact time as an essential ingredient of the contract. (See Buckbee vs. U. S. Ins. Co., 18 Barbour, 541; Buse vs. Mutual Benefit Life Ins. Co., 26 Barbour, 556 ; Helme vs. Philadelphia Life Ins. Co. Ct., Penn. Stat., 107.)

Under this view the judgment must be affirmed. The other judges concur.