HANLEY v. THE LIFE ASSOCIATION OF AMERICA, *Appellant.*

1.  **Life Insurance**: WAIVER OF RIGHT TO FORFEIT OR COMMUTE.   If a life insurance company by its course of dealing with a policy holder leads him to believe that the strict terms of the policy touching the prompt payment of premiums, will not be insisted on, and he dies without having paid the premium, and before any forfeiture or commutation has been declared, the company cannot, afterwards, treat the policy as forfeited or commuted.

2.  **Newly Discovered Evidence**: NEW TRIAL.   If a party is aware that two or more persons know facts important to be proved by him, and goes to trial without calling them as witnesses, and afterwards discovers another person who could have testified to the same facts, he cannot have a new trial on the ground of newly discovered evidence.

*Appeal from St. Louis Court of Appeals.*

Suit by Eliza Hanley, widow of Wm. Hanley, deceased, on a policy of insurance in the defendant company for $10,000, insuring the life of said Wm. Hanley for the term of fifty-two years.   The policy was issued February 1st, 1870, and deceased died November 17th, 1872. Deceased was secretary of the defendant company during this time.   The policy contained the following clause : " If, after having received two or more annual premiums, the said assured shall fail to make payment of any other premium when due, or if he shall fail to pay the interest or any lien which may exist against this policy, and in either of such cases, this policy shall, by virtue of such failure to pay, become a paid-up policy for a sum equal only to as many fifty-second parts of the sum hereby insured as there shall have been annual premiums paid ; such commuted policy being subject to all the conditions, liens and liabilities of this policy."

The company defended on the ground that the premium due August 1st, 1872, had never been paid, in consequence of which, the policy had become commuted under this clause ; and that plaintiff had received the full amount due as upon a commuted policy, and had given the com-

pany a receipt in full. To this plaintiff replied that defendant had, by its course of dealing with deceased, waived the benefit of this clause and precluded itself from taking advantage of it, and that the receipt had been given by her without any intention of discharging the company, and if it was a receipt in full she had been led to sign it in ignorance and by the misrepresentations of the officers of the company.

The evidence given at the trial, tended to show that deceased had paid his premiums as follows: The first premium February 4th, 1870. The next premium was due the next August, and was paid the day before it became due. The next premium was due February 1st, 1871. He gave a note at two months for that. That note was paid April 29th, a day or two before it was due. The next premium was due August 1st, 1871. For this also he gave a note, which he paid December 5th, 1871. The next premium was due February 1st, 1872, and was paid on that date. The next premium was due August 1st, 1872, and was not paid. There was evidence to show that after that date the proper officer of the company called upon deceased for payment, and told him he could give a note for the amount, but he declined, and when reminded that his policy would have to be reported as lapsed, he replied he was aware of the rules; that at another time when informed by the assistant secretary of the company that his policy had been handed to him as lapsed, and asked if he wanted it marked off just then, he said: "Don't mark it off just now." That in point of fact it never was marked off until after his death; that Hanley had told plaintiff he did not consider the policy lapsed; that, however, the practice of marking off policies was a mere matter of convenience in bookkeeping; that as soon as a renewal receipt for a premium was transferred to the assistant secretary it was considered by the company as canceled, and that fact was well known to Hanley as secretary of the company; and that the renewal receipt for the premium due August 1st, 1872,

on his policy was so transferred to the assistant secretary.

The court instructed the jury as follows: 1. If the jury are satisfied from the evidence that it had not been the practice of the defendant to exact prompt payment of premiums when due; that it had allowed premiums to remain several days or weeks after they became due, and then accepted payment of the same, these are facts from which the jury may find that the defendant waived a literal compliance with the condition as to punctual payment. 2. If the defendant gave to William Hanley credit on the payment of the last premium, or if they extended the time of such payment, and acted in such a manner in reference to the policy as to lead said Hanley to believe that he was still insured, this constitutes a waiver by the defendant of the condition of the policy as to prompt payment of the premium. There was a verdict and judgment for plaintiff, and defendant appealed.

*Irwin Z. Smith* for appellant.

*Pattison & Dooley* for respondent.

HENRY, J.—There was evidence on the part of plaintiff that defendant waived prompt payment of the semi-annual premium due August 1st, 1872; that no forfeiture of the policy for non-payment thereof, was declared, nor any act of the company or entry on their books, treating the policy as a commuted policy, was done or made prior to Hanley's death; that when plaintiff executed the receipt in full of all demands on account of the policy, she did it in ignorance of her rights. It was also shown that on several occasions, when previous semi-annual payments became due, Hanley was indulged by the company and permitted to make the payments after they became due, defendant having taken no step to declare the policy forfeited or commuted. If it was the intention of the company, rigidly to enforce against Hanley the provisions of the policy in regard to

1 LIFE INSURANCE: waiver of right to forfeit or commute.

the non-payment of the semi-annual premium due August 1st, 1872, it was their duty, and fair dealing required them, to notify him of such purpose. They neither notified him nor made any entry on their books or on the policy, then in their possession as collateral security for loans to Hanley, that it had become and would be treated as a commuted policy; and considering their conduct and course of dealing with respect to prior semi-annual premiums, it would be tolerating gross injustice to allow the defense relied upon. The instructions given by the court embodied these views, which are fully sustained by the authorities. *Thompson v. St. Louis Mutual Life Ins. Co.*, 52 Mo. 469; *Pelkington v. National Ins. Co.*, 55 Mo. 173; *Bouton v. The American Matual Life Ins. Co.*, 25 Conn. 542; *White v. Conn. Ins. Co.*, 120 Mass. 330; *Meyer v. Knickerbocker Life Ins. Co.*, 51 How. 267; *Illinois Fire Ins. Co. v. Stanton*, 57 Ill. 354. The provision in the policy was inserted for the benefit of the company, which could waive a strict compliance, as well by any other act indicating such an intention, as by a formal, written instrument to that effect.

The motion for a new trial on the ground of newly discovered evidence, was properly overruled. McHatton, 2. NEWLY DISCOV- whose affidavit accompanies the motion for a ERED EVIDENCE: new trial. new trial, stated therein a conversation he had with Hanley, which would have been very material evidence for the defense; but the same gentleman, on behalf of plaintiff, made a counter affidavit, stating that he had communicated to Mr. Hough, (the president of the company,) previous to the summer of 1876, and before the trial of the cause, the conversation he had with Hanley. Mr. Harvey also made an affidavit, filed with defendant's motion, in which he stated a conversation he had with Hanley, in substance the same as that disclosed by Mr. McHatton. Although Mr. Hough, nor any of the defendant's officers, knew what Mr. Harvey would have testified to, and conceding that they had used proper diligence, so far as Harvey was concerned, yet Mr. Hough was advised

before the trial, that the same facts substantially, which Harvey would have testified to, could have been established by the testimony of McHatton; they did not seem to think the evidence important to the defense, for McHatton was subpœnaed as a witness, and that defendant afterwards discovered that Mr. Harvey knew the same facts, certainly will not entitle the defendant to a new trial any more than if McHatton had been called and testified to the conversation, and it had afterwards come to the knowledge of defendant that Harvey could have testified to a similar conversation, it would then have been cumulative evidence. If a party is aware that one or more persons know facts important to be proved by him, and go to trial without calling such persons as witnesses, and afterwards discover another person who could have testified to the same fact, a motion for a new trial on such ground could not be sustained except in violation of all principle and precedents. All concurring, the judgment is affirmed.

AFFIRMED.