PAULINA COURTNEY, Respondent, v. ST. LOUIS POLICE RELIEF ASSOCIATION, Appellant.

St. Louis Court of Appeals, March 31, 1903.

1. **Association, Benefit:** DELINQUENT ASSESSMENTS: WAIVER OF FORFEITURE. The failure of the deceased for more than three months to pay either his regular monthly dues or special assessments would, under the constitution of the association, suspend his membership, but such suspension would be waived where it appeared that the association had not been in the habit of enforcing the same.

2. ———: ———: WAIVER OF CHARTER RULE BY CUSTOM. Provision against a failure to pay monthly assessments may be waived by proof of the habit of the association in its laxity in enforcing the collection of them.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood,* Judge.

AFFIRMED.

STATEMENT.

Defendant is a beneficial life insurance association, incorporated under the laws of Missouri. Its membership is confined to members of the police force of the city of St. Louis. The contract of insurance with each member is for $2,000, and its contracts are formed by the constitution of the association. No policy or certificate of insurance is issued, but the insurance is carried on the books of the association with the names of the beneficiaries of the insured.

Edward Courtney joined the defendant association in April, 1900, and designated the plaintiff as his beneficiary. He died July 25, 1901. The suit is to recover $2,000 insurance on his life.

The answer set up the following special defenses:

"Defendant states that by section 2 of article 1 of the constitution of the defendant association, individual membership in the association terminated whenever a member refused for three calendar months to pay any assessments.

"And defendant states that by the provisions of section 2 of article 6 of said constitution, each member of the association was required to pay, each pay day of the police force, a regular assessment of one dollar, and that under section 3 of article 6, each member was required to pay an additional assessment of two dollars at the death of any member of the association upon notice by the executive committee of such death and such assessment.

"And defendant states that said Edward J. Courtney, deceased, mentioned in plaintiff's petition, had not paid any assessments, either regular or special, mentioned in sections 2 and 3 of article 6 of the constitution, for the months of January, February, March, April, May, June and July, 1901, although regular assessments were due each month on the pay day of the police force for that month, and although special assessments had

been called and notice thereof given to the said Edward J. Courtney as follows: Assessment No. 5, called January 9, 1901, due and payable January 31, 1901; assessment No. 6, called February 4, payable February 28, 1901; assessment No. 7, called March 4, payable March 30, 1901; assessment No. 8, called April 8, payable April 30, 1901; assessments Nos. 9 and 10, called May 6, due May 31, 1901; assessments Nos. 11 and 12, called June 10, 1901, payable June 30, 1901—each for the amount of two dollars. And defendant states that said Edward J. Courtney thereby forfeited all of his rights as a member of the association, and was not a member thereof, in good standing, at the time of his death, and his beneficiary is not entitled to the death benefit of $2,000, sued for.

The reply is as follows:

"Comes now the plaintiff in the above entitled cause and for reply, says that she denies each and every allegation therein.

"And further replying, said plaintiff says that by their course of dealing they waived their right to demand payment on a day fixed and certain. Wherefore plaintiff prays judgment as in their petition."

The initiation fee to be paid to the association is ten dollars. The monthly assessment is one dollar per month, to be paid without notice. On the death of a member an assessment of two dollars is made, payable on the last day of the month in which the assessment is made. Of these assessments each member is entitled to notice. Notices are sent to each station in the several police districts in the city and are there, on roll call, read to the policemen assigned to duty in the district. Special assessments were called as follows: No. 6, February 20, 1901; No. 7, March 23, 1901; No. 8, April 29, 1901; Nos. 9 and 10, May 13, 1901; Nos. 11 and 12, June 10, 1901.

Notice of these assessments was given in the usual and customary way. None of them was paid by Ed-

ward Courtney nor did he pay any of the monthly dues after January, 1901. In April, 1901, he paid three dollars, which was credited as follows: One dollar for monthly dues, due for January, 1901, and two dollars to pay special assessment No. 5.

In each police district the association designated a particular officer as its collecting agent, who collected the dues and special assessments from the members and paid them over to the association. Michael Donohue was the collecting agent of the Fifth district from August, 1900, to July 31, 1901. Courtney during this time was on duty in this district. Donohue testified that in May and June he notified Courtney that his general and special assessments after January, 1901, were due and in arrears, but that they were never paid. In April, 1901, Courtney was paid $126 sick benefits, which he repaid to the association in June, 1901, having been allowed pay by the city during his sickness; he was required under section 1, article 8, of the constitution to return the benefit when so paid.

Defendant read in evidence the following provisions of the constitution of the association:

"Section 4.—*Death.*    Whenever any member of the police force, who is a member of this association, shall die, the sum of $2,000 shall be paid within thirty days after his demise to such person or persons as he may have designated on the books of the association. If he shall have failed to designate it will be paid to his heirs at law in accordance with the law of descent and distribution. If he shall have failed to designate, and he has no heirs at law, it shall revert to the association.

"Article 11.    Any member suspended for non-payment of dues or assessments can be reinstated to membership by the payment of all dues and assessments within six months from the date of his suspension; but after that time he shall have to pass a medical examination and pay the initiation fee the same as an applicant for original membership."

It was shown by a number of officers of the association that the association was in the habit of receiving dues from its members at any time they were offered for payment, regardless of the number of months the member making payment was in arrears and that money for past dues was received from the members whenever offered.

The issues were submitted to the court without the intervention of a jury. The court of its own motion declared the law as follows:

"1. The court declares that by virtue of section 2, article 1, of the constitution, which provides as follows: 'Individual membership shall terminate whenever (1) the individual shall cease to be a member of the police force of the city of St. Louis; (2) the individual shall refuse for three calendar months to pay an assessment, except as provided in article 11 hereof.' And by virtue of article 11 of the constitution, which provides, 'any member suspended for non-payment of dues or assessments can be reinstated to membership by the payment of all dues and assessments within six months from the date of his suspension; but after that time, he shall have to pass a medical examination, and pay the initiation fee the same as an applicant for original membership.' The membership of a person belonging to the defendant association could not be terminated or suspended by reason of non-payment of dues, except after due notice to the delinquent member, and affirmative action on the part of the association, declaring the member suspended or his membership forfeited, and if the court sitting as a jury believes from the evidence that no such action was had by the association, and that no notice of such suspension or ousting from membership was given, but on the contrary, that the defendant association treated the said Edward J. Courtney as a member of the association, by receiving dues more than three months past due, paying him sick benefits, and calling upon him for assessments long after such defaults had occurred under

said constitution and by-laws, then the plaintiff is entitled to recover.

"2. If the court, sitting as a jury, believes from the evidence that it was the custom of the defendant association, not only in its dealings with the said Edward J. Courtney, but also with all other members of the association to receive payment of dues and assessments at any time when tendered by a delinquent member, no matter how long such dues or assessments may, under the constitution and by-laws have been due and payable, then the defendant association has waived the right to claim that the membership of said Edward J. Courtney, at the time of his death in July, 1901, was suspended or forfeited. No matter what may have been the terms of said constitution and by-laws relative to the suspension or removal of members, if the court finds from the evidence that no action has ever been taken by said defendant association looking to the suspension or removal of said Edward J. Courtney, and no notice of such suspension or removal was ever given to him, then the plaintiff is entitled to recover."

The defendant offered instructions, the substance of which were that section 2 of article 6 was self-executing, and that if the court found from the evidence that Courtney was more than three months in arrears for monthly dues and special assessments, the issues should be found for the defendant. These intructions the court refused to give and found the issues for the plaintiff, and rendered judgment in her favor for $2,027. A timely but ineffectual motion for new trial was filed. Defendant appealed.

*Johnson, Houts, Marlatt & Hawes* for appellant.

(1) There was no evidence in the record to show that any officer of the association or member of the executive committee received monthly or special assessments more than six months after suspension, that is

to say, more than nine months after they were in arrears. There were some loose statements to the effect that monthly and special assessments were received when offered. We endeavored to show that when the constitution was properly construed there was no evidence of a waiver. (2) The delinquent would have a right to demand acceptance of back assessments and reinstatement if made within six months from date of termination of membership, as it is termed in section 2 of article 1, or suspension, as it is termed in article 11. Receipt of such assessments, unless made six months after suspension, would therefore not constitute a waiver; it would be merely fulfilling the terms of the constitution. We particularly call the court's attention to the fact that there is no evidence that any death benefit was ever paid to a member's family where he was more than three months in arrears. If that had been shown, it would have constituted a waiver, but the receipt of assessments was not a waiver; it was merely a compliance with article 11 of the constitution. In Equitable Ins. Co. v. Mc-Lermon, 6 Ins. L. J. 124, the clause of the policy regarding forfeiture, reads as follows: "In case the said premiums shall not be paid on the several days hereinbefore mentioned for the payment thereof, then, and in any such case, the said society shall not be liable for the payment of the sum insured, or any part thereof, and this policy shall cease and determine." Benevolent Society v. Baldwin, 86 Ill. 479; Lyon v. Supreme Assembly, 26 N. E. 236; Harvey v. Grand Lodge, 50 Mo. App. 472.

*John O. Marshall* and *Byron F. Babbitt* for respondent.

(1) The law of this case could not be more tersely put than in the language of the trial court in his instruction, in which he says: "The membership of a person belonging to the defendant association could not be terminated or suspended by reason of non-payment of dues

except after due notice to the delinquent member, and affirmative action on the part of the association declaring the member suspended, or his membership forfeited, and if the court sitting as a jury believes from the evidence that no such action was had by the association, and that no notice of such suspension or ousting from membership was given, but on the contrary, that the defendant association treated the said Edward J. Courtney as a member of the association by receiving dues more than three months past due, paying him sick benefits, and calling upon him for assessments long after such default had occurred under said constitution and by-laws, then the plaintiff is entitled to recover.'' Puhr v. Grand Lodge, 77 Mo. App. 47; McMahon v. Knights of Maccabees, 151 Mo. 522. (2) Where a waiver is shown a recovery is not barred by reason of the fact that no tender of the premium was made after the death of the insured. Harvey v. Grand Lodge, 50 Mo. App. 472. Where the policy of insurance requires prompt payment of premiums, or the policy will be forfeited, such condition may be waived by the habit of the insurer in receiving the premium after it is due. Hanley v. Life Assn. of America, 69 Mo. 380. (3) If a life insurance company, by its course of dealing with a policy-holder, leads him to believe that the strict terms of the policy touching the prompt payment of premiums, will not be insisted on, and he dies without having paid the premium, and before any forfeiture or commutation has been declared, the company can not afterwards treat the policy as forfeited or commuted. Thompson v. St. L. M. L. I. Co., 52 Mo. App. 469. (4) Though a contract of insurance requires prompt payment of the premium or the policy will be forfeited, yet the insurers may waive this condition by a habit of receiving the premium after it is due. James v. Mut. Reserve Fund L. Assn., 148 Mo. 1. The prompt payment of the premiums due on a life insurance policy may be

waived or suspended by the company or its agent in express terms by its course of dealing with the insured.

BLAND, P. J.—Section 2 of article 6, of the constitution provides that individual membership shall cease in the association if a member shall refuse for three calendar months to pay an assessment unless reinstated as provided by article 11 of the constitution.

It is conceded by the plaintiff that Courtney did refuse for more than three months to pay either his regular monthly dues or special assessments. He, therefore, ceased to be a member of the association unless the association either by failing to take any steps to enforce the suspension provision of the constitution, or by its habit of dealing with its members in respect to payment of assessments waived the provision.

The evidence is all one way and comes from the officers of the association that the habit of the association was to receive dues and assessments from members at any time they were offered, whether three or more months in arrears, and it is in evidence that three dollars were received from Courtney in April, 1901, more than three months after they became due and was applied to the payment of monthly dues for January, 1901, and to the payment of special assessment No. 5, and we think that the evidence is conclusive that it was not the habit of the association to enforce this provision of the constitution against its members. In such circumstances the Supreme Court, in McMahon v. Sup. Tent Knights of Maccabees, loc. cit. 522, said:

"A member of an assessment insurance company has the right to look to the general conduct of the business of the company in reference to the collection of its assessments according to its prescribed rules, and particularly as that conduct affects himself. And if the company, by its conduct, has induced him to fall into the habit of delaying the payment beyond the time which the company's law calls the day of suspension, it can

not without warning to him of a change in its business conduct, inflict the penalty of suspension on him.''

That provisions of this character in life insurance contracts may be waived and the waiver shown by the habit or custom of the insurance company, is well-settled law in this State. James v. Mut. Reserve Fund Life Ass'n., 148 Mo. 1; Hanley v. Life Ass'n. of America, 4 Mo. App. (St. L.) 253; Hanley v. Life Ass'n. of America, 69 Mo. 380; Harvey v. Grand Lodge, 50 Mo. App. (K. C.) 472; Thompson v. St. Louis Mut. Life Ins. Co., 52 Mo. 469.

This view of the case makes it unnecessary to decide whether or not section 2 of article 6 is self-executing. The judgment is manifestly for the right party and is affirmed. All concur.