[No. 5964.   Decided February 26, 1906.]

JAMES MORGAN, *Respondent,* v. THE NORTHWESTERN
NATIONAL LIFE INSURANCE COMPANY,
*Appellant.*[1]

LIFE INSURANCE — POLICY — WAIVER — ACCEPTANCE OF OVERDUE
PREMIUMS.  A life insurance company waives the provisions of the
policy requiring monthly payments of a premium to be made in ad-
vance, by continually accepting payments any time within the month,
without question or objection, and this course of conduct was such
as to mislead a person of ordinary prudence.

Appeal from a judgment of the superior court for Walla
Walla county, Brents J., entered March 8, 1905, upon the
verdict of a jury in favor of the plaintiff in an action upon
a policy of life insurance.   Affirmed.

*W. F. Crowe* and *R. J. Burglehaus,* for appellant, con-
tended, *inter alia,* that failure to make payment of the
premium involved a forfeiture, and there was no waiver since
the policy provided that the facts here relied on should not
have that effect.   *Nixon v. Travelers' Ins. Co.,* 25 Wash. 254,
65 Pac. 195; *Robertson v. Metropolitan Life Ins. Co.,* 88
N. Y. 541; *Conway v. Phoenix Mut. Ins. Co.,* 140 N. Y.
79; *D'Orlu v. Bankers etc. Life Ass'n,* 46 Fed. 355; *Klein
v. Insurance Co.,* 104 U. S. 88, 26 L. Ed. 662; *Thompson
v. Insurance Co.,* 104 U. S. 252, 26 L. Ed. 765; *Mobile Life
Ins. Co. v. Pruett,* 74 Ala. 487; *Gaterman v. American Life
Ins. Co.,* 1 Mo. App. 300; *Insurance Co. v. Statham,* 93 U. S.
24, 23 L. Ed. 789.   Even in the absence of such stipulation,
the facts shown do not establish a waiver.   *Smith v. New
England etc. Ins. Co.,* 63 Fed. 769; *Hartford Life Ins. Co.
v. Unsell,* 144 U. S. 439, 12 Sup. Ct. 671, 36 L. Ed. 496;
*Thompson v. Knickerbocker Life Ins. Co.,* 104 U. S. 252,
26 L. Ed. 765; *Schmertz v. United States Life Ins. Co.,* 118
Fed. 250; *Behling v. Northwestern Nat. Life Ins. Co.,* 117
Wis. 24, 93 N. W. 800; *Morrow v. Des Moines Ins. Co.,* 84

[1]Reported in 84 Pac. 412.

Iowa 256, 51 N. W. 13; *Union Cent. Life Ins. Co. v. Chowning,* 8 Tex. Civ. App. 455, 28 S. W. 117; *Jones v. National Mut. Ben. Ass'n,* 8 Ky. Law 599, 2 S. W. 447; *Servoss v. Western Mut. Aid Soc.,* 67 Iowa 86, 24 N. W. 604. The holder of a life insurance policy has no equities which entitle him to relief against a forefiture for nonpayment of premium. *Kellner v. Mutual Life Ins. Co.,* 43 Fed. 623.

*Sharpstein & Sharpstein,* for respondent, to the point that the instruction as to waiver correctly stated the law, cited: *Hartford etc. Ins. Co. v. Unsell,* 144 U. S. 439, 12 Sup. Ct. 671, 36 L. Ed. 496; *Spoeri v. Massachusetts etc. Ins. Co.,* 39 Fed. 752; *Appleton v. Phoenix etc. Ins. Co.,* 59 N. H. 541, 47 Am. Rep. 220; *Stylow v. Wisconsin etc. Ins. Co.,* 69 Wis. 224, 2 Am. St. 738; 2 Joyce, Insurance; *Thompson v. St. Louis etc. Ins. Co.,* 52 Mo. 469; *Insurance Co. v. Wolff,* 95 U. S. 326, 24 L. Ed. 387; *Cole v. Union Cent. Life Ins. Co.,* 22 Wash. 26, 60 Pac. 68, 47 L. R. A. 201. Where, under the undisputed facts, the prevailing party is entitled to recover, the other cannot complain of errors in instructions. *Secor v. Oregon Imp. Co.,* 15 Wash. 35, 45 Pac. 654; *Kellogg v. Cook,* 18 Wash. 516, 52 Pac. 233.

DUNBAR, J.—Action on a life insurance policy. The policy contained the provision that all premiums were payable in advance. It also contained a provision that premiums might be paid to agents producing receipts signed by the president and secretary and countersigned by the agent, and that nonpayment of any premium when due should forfeit the premiums paid on the policy, and terminate the liability of the company therein. It also contained the following provision:

"Notice—That each and every payment of premium is due at the date named in the policy, is given and accepted by the delivery and acceptance of this policy, and further notice is hereby expressly waived. The giving of any other notice of the acceptance of any premium after it is due is

to be considered as an act of courtesy only, and shall not be deemed as establishing a custom or as waiving or disturbing any of the conditions as to payment of premiums thereafter due."

The premiums were payable quarterly, on or before the 1st day of December, March, June, and September in every year. The mode of payment was afterwards changed by the company to monthly payments. At the beginning of the second year, the first monthly installment was paid in advance, but thereafter none of the installments were paid on the 1st day of the month on which they fell due, but were all paid during the month. The last payment was made on 19th day of September in the second year, and the insured died on the 13th day of October, without paying the installment for the month of October. The policy provided for reinstatement during the life of the insured, within twelve months of the date of the lapse, by the payment of all past due premiums and a fine of ten per cent per annum thereon. Upon the death of the policy holder, the company refused to pay the policy, and this action was brought for its collection, and a judgment obtained for the amount alleged to be due on the policy.

The only assignment of error by the appellant is to the following instruction given by the court:

"Now, if you find from the evidence that she made all of the payments of these monthly installments of premium toward the latter part of the month, after the making of the new arrangement, and that the company received them without objection and without calling her attention to the fact that they were payable sooner, and if you further find that, by such course of dealing, she as a prudent person was led to believe, and did believe, that she was making these payments according to the terms of this new arrangement, by making them at any time during the month—if you find that she so understood the new arrangement, and that the custom and conduct of the company in receiving these payments without objection were calculated to lead an ordinarily prudent person to so understand and believe, and that

she was thereby induced to rest in that belief and understanding at all times previous to her death and that, in consequence of such conduct on the part of the company, she had good reason to believe, and did believe, up to that time that she had paid all these installments as they became due, and that the last one was then overdue—if you find all these facts from the evidence in the case, then I instruct you that the company is estopped and has waived its right to insist upon the forfeiture of this policy by reason of the nonpayment of the last installment of premium, and in that case your verdict should be for the plaintiff."

This instruction seems to us to be so fully and completely in accord, not only with the established principles of law, but with the universally accepted principles of good morals, that it is difficult to make an argument in its defense. The rule announced by the court could certainly not be questioned if it were applied to the dealings of individuals with each other, for no individual would be allowed by his attitude, his conduct, and long-continued custom of doing business with another individual, to mislead him to his disadvantage. And, if so, why should not the same rule control insurance companies, where confessedly parties do not stand upon the same level footing as do individuals in making contracts with each other? The instruction was guarded and made to apply only to persons ordinarily prudent, and if such ordinarily prudent person, by the course of conduct of the company, was misled to her disadvantage, the party who misled her cannot claim any advantage from such wrongdoing. As showing the construction that these parties placed upon this contract, it will only be necessary to cite the dates of the payments under the new arrangement, including the nine months preceding the death of the insured. The payments made were as follows:

| | | | |
|---|---|---|---|
| January 31, 1903.... | $10 | June 30, 1903....... | $10 |
| February 28, 1903... | $10 | July 31, 1903....... | $10 |
| March 27, 1903..... | $10 | August 31, 1903..... | $10 |
| April 28, 1903...... | $10 | September 19, 1903.. | $10 |
| May 29, 1903....... | $10 | | |

So that it will be seen that this woman, under the strict construction of the contract relied upon by the appellant, during all of these nine months in which they were receiving and appropriating $10 a month from her, was actually insured but a very few days. For, during the months of January, February, June, July, and August, she was not insured at all, or at the most but for a few hours in each month, and during the other months, as will be seen, her time of insurance amounted to a very few days. It would be inequitable to allow the company to receive money under such circumstances and disclaim any responsibility to the insured.

These questions of waiver have been before the courts many times and all modern courts, at least, have decided that, under such circumstances as are shown by this case, the condition with reference to payment in advance was waived. Among other courts, the supreme court of the United States has spoken with no uncertain sound. In *Insurance Co. v. Wolff*, 95 U. S. 326, 24 L. Ed. 387, in construing a policy of this kind, the court, through Justice Field, among other things, said:

"The principle that no one shall be permitted to deny that he intended the natural consequences of his acts when he has induced others to rely upon them, is as applicable to insurance companies as it is to individuals, and will serve to solve the difficulty mentioned. This principle is one of sound morals as well as of sound law, and its enforcement tends to uphold good faith and fair dealing. If, therefore, the conduct of the company in its dealings with the assured in this case, and with others similarly situated, has been such as to induce a belief that so much of the contract as provides for a forfeiture if the premium be not paid on the day it is due, would not be enforced if payment were made within a reasonable period afterwards, the company ought not, in common justice, to be permitted to allege such forfeiture against one who has acted upon the belief, and subsequently made the payment. And if the acts creating such belief were done by the agent and were subsequently approved by

the company, either expressly or by receiving and retaining
the premiums, the same consequences should follow."

In that case there was a provision in the policy that the
agents were not authorized to waive forfeitures.

In *Thompson v. St. Louis etc. Ins. Co.,* 52 Mo. 469, the
following provision appears under the title, "Notice:"

"Agents of this company are not authorized to grant per-
mits or to make, alter or discharge contracts, or waive for-
feitures.    If a premium is received by the company after the
day named in the policy for its payment, it is considered by
the company and the assured as an act of grace or courtesy,
and forms no precedent in regard to future payments."

Notwithstanding this provision, the court gave the follow-
ing instruction:

"If the jury believe from the evidence, that it had not been
the practice of the defendant to exact prompt payments of
premiums when due under the policy sued on; that they had
allowed the said payments to lie over for several days or
weeks after they became due, and then accepted payment of
said premiums, then these are facts from which the jury may
find that the defendant waived a literal compliance with the
condition as to punctual payment."

This instruction was approved by the supreme court with
the following comment on the provision referred to:

"The memorandum at the foot of the policy did not give
any additional force to the stipulation in the policy, if we
may consider it as having any effect whatever.    If it had
any force, it seemed to be looked upon by the parties as a
license or invitation to the plaintiff to disregard the exact
day of payment and to rely upon the courtesy of the com-
pany.    The plaintiff pursued this course, and instead of
making his payments on the very day when due, let them lie
over for a short time, and still they were received without
objection.    The plaintiff was thus induced to believe that
a failure of strict payment on the day would not prejudice
his rights."

And in conclusion the court said:

"So in regard to the payment of premiums, it seems to
be well settled that the practice of the company in accept-

ing the same without objection after the day stipulated for the payment, must be treated as a waiver of the exact time as an essential ingredient of the contract;"

citing *Buckbee v. United States Ins. etc. Co.,* 18 Barb. 541, and *Ruse v. Mutual etc. Ins. Co.,* 26 Barb. 556.

Where an insurance company receives payments on assessments on a policy when they are overdue, and when it might refuse payment and declare the policy forfeited under its by-laws, it cannot accept and keep the money, and still insist upon a forfeiture. *Stylow v. Wisconsin etc. Ins. Co.,* 69 Wis. 224, 2 Am. St. 738.

In discussing this question the court said:

"The assured had every reason to believe that the company would accept the payment of these assessments as it had accepted the payment of all others within a reasonable time after they became due, without making any question as to his state of health. And it is equally plain that, had payment been tendered the day before the death of the insured, such payment would have been accepted. The forfeiture, if any, arose upon the nonpayment on or before the day fixed for payment; and it is clear, from the evidence, that the company did not consider it forfeited on that day, and it cannot afterwards declare it forfeited because of the happening of an event which has nothing to do with the payment of the sum due."

It is equally clear here that the company did not consider this policy forfeited after the alleged breach in each instance, or it would not have received money in payment of premiums, but would have declared the policy void.

"An insurer is estopped to insist on a forfeiture for delay in payment of premiums if his course of conduct has led the insured to believe that the premiums would be received after the appointed day." *Appleton v. Phoenix Mut. Life Ins. Co.,* 47 Am. Rep. 220 (59 N. H. 541).

It was held, in *Hartford etc. Ins. Co. v. Unsell,* 144 U. S. 439, 12 Sup. Ct. 671, 36 L. Ed. 496, that a life insurance company, whose policy provides for the payment of premiums

at stated times, and further that the holder agrees and accepts the same upon the express condition that, if the monthly dues are not paid to said company on the day due, then the certificate shall be null and void and of no effect, may nevertheless, by its whole course of dealing with the assured, and by accepting payments of overdue sums without inquiries as to his health, give him a right to believe that the question of his health would not be considered, and that the company would be willing to take his money shortly after it had become due, and such a course of dealing may amount to a waiver of the conditions of forfeiture.

To the principles announced in those cases, we unhesitatingly give our indorsement, and there appearing to be no errors in the trial of the cause, the judgment is affirmed.

MOUNT, C. J., HADLEY, FULLERTON, CROW, and ROOT, JJ., concur.