STATE LIFE INSURANCE CO. v. CHOWNING.

No. 699.    Opinion Filed January 10, 1911.

1.    INSURANCE—Forfeiture—Acceptance of Note as Premium. A life insurance policy is not forfeited for nonpayment of the premium under the forfeiture clause, where a promissory note has been accepted by the company for the same.

2.    SAME—Evidence—Sufficiency. Evidence examined, and held not sufficient to sustain the judgment of the court below.

(Syllabus by the Court.)

*Error from District Court, Marshall County; D. A. Richardson, Judge.*

Action by the State Life Insurance Company against H. Chowning. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*E. D. Slough* and *J. O. Minter,* for plaintiff in error.

*J. W. Falkner* and *Hardy & Franklin,* for defendant in error.

KANE, J.    This was an action by the plaintiff in error, plaintiff below, against the defendant in error, defendant below, upon a promissory note executed for the purpose of extending the time of paying a premium on a certain life insurance policy. In his answer, the defendant admitted the execution of the note, and alleged, in substance, that the plaintiff never accepted said note and did not keep in force said policy; that said plaintiff never issued to the defendant their binding receipt for said note or payment; that said defendant had no insurance in force as a consideration for said note, and that said note is without consideration, and is therefore void. On a trial before the court, there was judgment for the defendant, to reverse which this proceeding in error was commenced.

Mr. Chowning, the only witness called for the defendant, testified as follows:

"I took an insurance policy on my life in the State Life In-

surance Company for $5,000, June 30th, 1904, and paid the first annual premium, which was $251.75, at the age of fifty-one years. I was living at Whitewright, Texas, at the time I took out the policy. When the second annual premium became due, I was living near Madill, Indian Territory. About the time or sometime after the second annual premium became due, an agent of the State Life Insurance Company called upon me and presented the note which I executed and returned to him. I do not know the agent's name, and did not know what authority he had as such agent; I do not know whether or not he was an officer of the State Life Insurance Company. The said agent did not give me a receipt at the time I delivered the note to him, signed by the president or secretary of the State Life Insurance Company, and I have never received such receipt since."

On cross-examination he testified:

"I did not have the money at hand to pay the second premium on the policy held by me in the State Life Insurance Company, at the time the same became due, and I executed the said note for the purpose of extending the time of payment of the premium thereon. I do not remember to have ever received by mail a receipt from the State Life Insurance Company."

Mr. Kirke Howe testified that he is assistant cashier of the life insurance company; that a part of his duties is to receive all moneys or notes for all premiums, furnishing proper receipts for same. That the records of the company show that a receipt for the promissory note herein involved was mailed to the defendant on the 30th of June, 1904, which receipt is in words and figures as follows, omitting date and signatures:

"Received of H. Chowning, of Madill, Indian Territory, note of this date, due Dec. 30, 1904, for $246.20 for which policy No. 123465 of the State Life Insurance Company is continued in force until the maturity of the note. On payment of note on or before maturity, the Company's regular premium receipt will be delivered to H. Chowning. The nonpayment of said note at maturity will render said policy null and void, and terminate all rights thereunder."

We think that upon this evidence the judgment ought to have been for the plaintiff. As a general proposition of law, the burden of proof is on the party alleging failure of consideration on either

negotiable or nonnegotiable notes. 4 A. & E. Enc. of L. 187. It seems to us that the defendant has entirely failed to prove failure of consideration in the present case. His counsel in their brief contend that the court below was justified in finding that the policy, by its own terms, had lapsed and that all the rights of the defendant thereunder had been forfeited by his failure to pay the second annual premium at the time and place and in the manner and by the medium specified by the terms of his contract, and that the company had not at any time, by any officer authorized to do so, waived this failure on his part or waived the forfeiture of the rights of the assured under the policy, and the acts appearing in the testimony did not show that any agent or officer of the company who undertook to act had any authority to modify the terms of the policy or waive any of its conditions, and that the execution of the note was without consideration because of the fact that the policy had lapsed and had never been renewed or revived. The clauses of the policy referred to in support of this contention are all of that class that are inserted in policies for the benefit of the insurance company, and which the insurance company may waive. 2 Joyce on Insurance, sec. 1109; *Germania L. Ins. Co. v. Koehler*, 168 Ill. 293; *Morgan v. N. W. L. Ins. Co.*, 42 Wash. 10; *Knarston v. Life Ins. Co.*, 140 Cal. 57; *Thompson v. Life Ins. Co.*, 104 U. S. 765. To illustrate: One of the provisions of the policy provides that:

"In case any premium is not paid when due, according to the terms of the contract, at the office of the company in the city of Indianapolis, or to agents when they produce receipts signed by the president or secretary, then in every such case the policy shall cease and determine."

Counsel contend that, inasmuch as the payment of the second premium was not made in strict accordance with this provision, the policy lapsed and the assured was not protected by insurance after the time covered by the first premium expired. We cannot agree with counsel. If there was a lapse in the policy between the time of the first payment and the execution of the note sufficient to forfeit the policy, if the company so desired, the acceptance of

the note by the company would constitute a waiver of such forfeiture, and the insurance would continue until further grounds of forfeiture occurred. The section of Mr. Joyce's work cited *supra* reads in part as follows:

"Inasmuch as the strict performance of the condition for the payment of the premium at the day specified is for the benefit of the company, it is optional with it whether performance be strictly insisted on and the policy determined, or whether the time for payment be extended, and such stipulation may be suspended the same as clauses for performance in any other contract, and this may be done by the authorized agent of the company as well as by the company itself."

The judgment of the court below is reversed, and the cause remanded, with directions to render judgment for the plaintiff.

All the Justices concur.